| | |
|---|---|
| 1 | KAREN PAZZANI, SBN 252133 |
| 2 | kjp@millerlawgroup.com |
|   | **MILLER LAW GROUP** |
| 3 | 12121 Wilshire Blvd., Suite 1375 |
| 4 | Los Angeles, CA 90025 |
|   | Telephone: 310.943.8500 |
| 5 | Facsimile: 310.943.8501 |
| 6 | |
| 7 | SAMUEL ZURIK III (*pro hac vice* to follow) |
|   | SZ@kullmanlaw.com |
| 8 | RACHEL E. LINZY (*pro hac vice* to follow) |
|   | REL@kullmanlaw.com |
| 9 | **THE KULLMAN FIRM** |
| 10 | A Professional Law Corporation |
|    | 1100 Poydras Street, Suite 1600 |
| 11 | New Orleans, Louisiana 70163 |
| 12 | Telephone: (504) 524-4162 |
|    | Facsimile: (504) 596-4189 |
| 13 | |
| 14 | Attorneys for Defendants |
|    | KELLOGG BROWN & ROOT, LLC ,; |
| 15 | MOLYCORP, INC., |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DAVID L. TOTTEN, an individual, and all others similarly situated, | Case No.: 5:14-cv-1766 |
| Plaintiffs, | **DEFENDANTS' NOTICE OF REMOVAL** |
| vs. | |
| KELLOGG BROWN & ROOT, LLC, a Delaware Corporation; MOLYCORP, INC., a Delaware Corporation; and DOES 1 through 100, inclusive | |
| Defendants. | |

**PLEASE TAKE NOTICE** that Defendants Kellogg Brown & Root, LLC ("KBR"), and Molycorp, Inc. ("Molycorp") (collectively "Defendants"), file this notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction, pursuant to 28 U.S.C. section 1332, to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California for the County of San Bernardino as Case Number CIVDS 1408596, and states that the removal is proper for the following reasons:

1.

On July 22, 2014, Plaintiff filed his First Amended Complaint for Damages ("Complaint") against the Defendants in the Superior Court of the State of California for the County of San Bernardino. A copy of the Plaintiff's Complaint is attached hereto as Exhibit 1.

In his Complaint, Plaintiff alleges seven causes of action: (1) failure to pay wages for all hours worked at the minimum wage rate, in violation of California Labor Code Sections 1194 and 1197; (2) failure to pay overtime wages for daily overtime and all time worked, in violation of California Labor Code Sections 510, 1194, and 1198; (3) failure to provide second meal periods or pay meal period premium wages, in violation of California Labor Code Sections 512 and 226.7; (4) failure to provide complete and accurate wage statements, in violation of California Labor Code Section 226; (5) failure to timely pay all earned wages due at the time of separation of employment, in violation of California Labor Code Sections 201, 202, and 203; (6) unfair business practices, in violation of California Business and Professions Code Section 17200, *et seq.*; and (7) civil penalties pursuant to California Labor Code Section 2698, *et seq.* (the Private Attorneys General Act or "PAGA"). (<u>See</u> Ex. 1, Complaint.)

2            DEFENDANTS' NOTICE OF REMOVAL

2.

The Defendants were separately served with the Complaint and accompanying documents on July 30, 2014. (See Service of Process Transmittals, attached hereto as Exhibit 2.) In accordance with 28 U.S.C. § 1446(a), also attached as Exhibit 2 and incorporated by reference are copies of the documents served on Defendant in the State Court action (except the Complaint, which is attached as Exhibit 1).

3.

The San Bernardino Superior Court of the State of California is within the Eastern Division of the Central District of California.

## BASIS FOR REMOVAL

4.

Federal jurisdiction is appropriate and this action is removed pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a) because the parties and interests are diverse, and a good faith reading of the Complaint shows that the amount in controversy attributable to the named Plaintiff exceeds the sum of $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

5.

Plaintiff is a resident of Nevada. (Ex. 1, Complaint, at ¶ 1.)[1] For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). "A person

---

[1] When removing a putative class action pursuant to 28 U.S.C. § 1332(a), only the named Plaintiff's residence is considered (and not the residence of all of the remaining putative class members). See, e.g., Carden v. Arkoma Assoc., 494 U.S. 185, 199-200, 110 S.Ct. 1015, 1023, 108 L. Ed. 2d 157 (1990).

is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely." Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986). A party's residence is *prima facie* evidence of his domicile. State Farm Mut. Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994).

6.

Defendant KBR is a citizen of Delaware and Texas, because it is incorporated in the state of Delaware with its headquarters and principal place of business in Houston, Texas; Defendant Molycorp, which joins in the removal of this action, is a citizen of Delaware and Colorado, because it is incorporated in the state of Delaware with its headquarters and principal place of business in Greenwood Village, Colorado.[2] Thus, the parties are completely diverse, which meets the first element of establishing diversity jurisdiction for the purpose of removal.[3]

### *Sufficient Amount in Controversy*

7.

The second element of diversity jurisdiction – amount in controversy

---

[2] See Exhibit 3, Defendants' publicly filed records with the California Secretary of State, respectively noting the place of incorporation and principal place of business for each of the Defendants. See Xerox Corp. v. Simply Smashing, Inc., No.1:13-CV-395, 2013 U.S. Dist. LEXIS 61713, at *2-*3 (E.D. Cal. Apr. 30, 2013) (court may take judicial notice of records filed with the California Secretary of State). As the Court is aware, diversity of citizenship is determined at the time a complaint is filed. Mann v. City of Tuscon, 782 F.2d 790, 794 (9th Cir. 1986); Sanderson v. Brooks, No. CV13-03497, 2013 U.S. Dist. LEXIS 93909, at *7 (C.D. Cal. July 3, 2013).

[3] Plaintiff also brings his claims against various unnamed defendants. The citizenship of such defendants is irrelevant for the purposes of removal because 28 USC § 1441(b)(1) specifies that "the citizenship of defendants sued under fictitious names shall be disregarded." See also Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1424 (9th Cir. Cal. 1989); Firstoe v. Reynolds Metals Co., 615 F.3d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); California ex rel. Bates v. Mortgage Elec. Registration Sys., No. 2:10-CV-1429, 2010 U.S. Dist. LEXIS 81650, at *4-*5 (E.D. Cal. July 21, 2010) (holding that "Congress obviously reached the conclusion that the doe defendants should not defeat diversity jurisdiction.").

exceeding $75,000 – is also met.[4]

8.

Under the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Congress clarified that the *preponderance of the evidence* standard applies to removals under 28 U.S.C. §1332(a). See H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met."). 28 U.S.C. §1446(c)(2)(A) provides, in relevant part, that

> the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice … permits recovery of damages in excess of the amount demanded; and … the district court finds, by the **preponderance of the evidence**, the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. §1446(c)(2)(A) (emphasis added); see Damele v. Mack Trucks, Inc., 219 Cal. App. 3d 29, 41-42 (1990) (noting that under California law, a plaintiff is not limited to the statement of damages set forth in his Complaint.)

Thus, even if Plaintiff alleges that the amount in controversy does not exceed the sum or value of $75,000, "removal of the action is proper on the basis of an amount in controversy … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000. 28 U.S.C. §1446(c)(2)(B); see, e.g., RT Financial Inc. v. Zamora, No. 1:12-cv-01581-AW-SKO, 2012 WL 4468763, *2 (E.D. Cal. Sept. 27, 2012) (holding that the preponderance of the evidence standard applied to a complaint which expressly stated that the amount in controversy did not exceed $10,000); Belair Land Co., LLC v. Durazo, No. 1:12-cv-00158-AWI-SKO, 2012 WL 591925, *3 (E.D. Cal. Feb. 22, 2012) (same).

9.

---

[4] While the Complaint does not identify the specific amount of damages sought, Plaintiff does claim that the amount in controversy exceeds the $25,000 jurisdictional threshold for the state court. (Ex. 1, Complaint, at p. 29 - Civil Case Cover Sheet.)

The preponderance standard is not a "daunting" standard. Muniz v. Pilot Travel Centers LLC, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007); see Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendants are not obligated to "research, state, and prove the plaintiff's claims for damages." Behrazfar v. Unisys Corp., 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)). A removing defendant must simply produce underlying facts or evidence demonstrating **more likely than not** the amount in controversy exceeds $75,000. See Sanchez v. Monumental Life Ins., 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount."); see Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005) (district court properly considered damages awards in other similar cases) (emphasis added); Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is what amount is "put in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

10.

While the Defendants deny any liability as to Plaintiff's claims, based on limitations and other grounds, the Court has diversity under 28 U.S.C. §1332(a) over Plaintiff's claims because Plaintiff is diverse from Defendants and Plaintiff's claims are worth more than, but at least as much as, $75,001. All the following calculations supporting the amount in controversy are based on Plaintiff's potential recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming that liability (which is strenuously disputed) could be established.

**Minimum Wage and Overtime Claims**

11.

In his First and Second Causes of Action, Plaintiff alleges that Defendants failed to pay wages for all hours worked at California's minimum wage, and that Defendants failed to pay wages for all hours worked in excess of eight hours per day at the overtime rate, all in violation of California Labor Code §§510, 1194, 1197 and 1198.  (Ex. 1, Complaint, at ¶¶14-19, 30-45.)

12.

Plaintiff alleges that he was a non-exempt employee and that "Plaintiff … worked many hours for which Defendants failed to compensate [him] at all." (Ex. 1, at ¶15.)  Specifically, Plaintiff alleges that:

> Defendants had a policy and/or practice requiring their non-exempt employees to report to a designated location from which the employees were transported by school bus or shuttle bus to the work site. … Defendants required their non-exempt employees to report to the pickup area approximately **30 minutes before the employees' scheduled shift start time** . . . [h]owever, employees were not permitted to clock in until the beginning of their shift. **Similarly**, at the end of the work day, Defendants transported their non-exempt employees from the work site back to the designated pickup site after the employees had already clocked out for the day. Defendants failed to compensate Plaintiff and similarly situated employees for the transportation time both pre- and post-shift . . .

(Ex. 1, Complaint, at ¶15.)

13.

Plaintiff further alleges that the Defendants' policies "required [him] to be engaged, suffered, or permitted to work without being paid wages for all of the time in which [he] was subject to KBR's control, including but not limited to pre- and post-shift compensable drive time." (Ex. 1, Complaint, at ¶33.)  Plaintiff also avers that he "routinely worked more than eight hours per workday, as many as 10 hours or more" and that "Defendants failed to pay [him] overtime wages . . . for [his] daily overtime hours worked.  Specifically, when Defendants failed to account for compensable drive time that Plaintiff . . . spent subject to [Defendants'] control,

Defendants did not account for those overtime hours nor did Defendants pay [Plaintiff] overtime premium wages of one and one-half times [his] regular rate of pay for all hours in excess of eight hours in a workday . . ." (Ex. 1, Complaint, at ¶¶ 16, 19.)

14.

As for damages, Plaintiff seeks to recover his "unpaid minimum wage," additional "liquidated damages in the amount of [his] unpaid minimum wage," and the "full amount of [his] unpaid overtime wages" in connection with these claims. (Ex. 1, Complaint, at ¶¶36, 37, 45.) The statute of limitations for these claims is three years. See Cal. Code Civ. Proc. §338(a).

15.

Plaintiff worked as a rigger and a rigging foreman at the Molycorp Mountain Pass rare earth facility in Mountain Pass, California, from January 16, 2012, through June 17, 2013. (Ex. 1, Complaint, at ¶1.)

16.

From January 16, 2012, to August 11, 2012, Plaintiff earned $26 per hour. From August 12, 2012, to December 1, 2012, Plaintiff earned $29 per hour. From December 2, 2012 to January 26, 2013, Plaintiff earned $32 per hour. From January 27, 2013 to June 17, 2013, Plaintiff earned $33 per hour. (See Declaration of Mark Lowes, attached hereto as Exhibit 4, and Plaintiff's pay records, attached hereto as Exhibit 4-A.)

17.

Plaintiff worked full-time during the entire time he worked at the Mountain Pass facility. He was typically scheduled to work at least an 8-hour day, five days per week, or at least 40 hours per week. (Ex. 4).

18.

Plaintiff filed his First Amended Complaint on July 22, 2014. Pursuant to the statute of limitations that applies to his claims for alleged unpaid minimum wages and overtime, the maximum relevant time period, insofar as these claims are concerned, is July 22, 2011, through June 17, 2013 (Plaintiff's last day of work at the Mountain Pass facility). However, Plaintiff was not employed at the Mountain Pass facility until January 16, 2012. (Ex. 1, Complaint, at ¶1). Therefore, for purposes of removal, the relevant time period for Plaintiff's claim for alleged unpaid minimum wages and overtime is January 16, 2012 through June 17, 2013, which constitutes 74 weekly pay periods. (Ex. 4-A.)

19.

Plaintiff alleges that he worked at least one hour per workday that was unpaid. (Ex. 1, Complaint, ¶15.) Although the Defendants deny that Plaintiff (or any other putative class member) is entitled to any additional wage or overtime payments, assuming 5 hours of alleged unpaid overtime per week, as the Plaintiff claims he worked, the amount in controversy attributable to the named Plaintiff is **$16,245.00** [(29 weeks x 5 hours OT per week x $26 x 1.5) + (16 weeks x 5 hours OT per week x $29 x 1.5) + (9 weeks x 5 hours OT per week x $32 x 1.5) + (20 weeks x 5 hours OT per week x $33 x 1.5)]. Including liquidated damages of **$10,830** [(29 weeks x 5 hours OT per week x $26) + (16 weeks x 5 hours OT per week x $29) + (9 weeks x 5 hours OT per week x $32) + (20 weeks x 5 hours OT per week x $33)], the total amount in controversy on these two claims equals **$27,075.00**.

20.

Accordingly, the amount in controversy raised by Plaintiff's minimum wage and overtime claims is **$27,075.00**.

**Meal Period Claims**

21.

In his third cause of action, Plaintiff seeks relief under California Labor Code Sections 226.7 and 512 for the Defendants' alleged failure to provide second meal periods or pay meal period premium wages. In support of his claim, Plaintiff alleges that he "worked in shifts long enough to entitle [him] to first and second meal periods under California law. Defendants failed to provide [Plaintiff] a full 30-minute meal period for each five hour period of work as required by law." (Ex. 1, Complaint, at ¶49.) Plaintiff further alleges that "Defendants failed to pay premium wages to Plaintiff . . . to compensate [him] for each workday Defendants failed to timely provide [him] all legally required duty-free meal periods." (Ex. 1, Complaint, at ¶22.)

22.

Plaintiff seeks damages in the form of "one hour of additional pay at the regular rate of compensation for each workday the meal periods were not provided..." (Ex. 1, Complaint, at ¶54.)

23.

Labor Code §226.7 requires employers to pay an extra hour's pay to employees who are not provided a required meal period. The statute of limitations for recovery of Labor Code section 226.7 pay is three years. Murphy v. Kenneth Cole Prods., Inc., 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations."). Therefore, the maximum relevant time period is July 22, 2011, through June 17, 2013. However, Plaintiff was not employed at the Mountain Pass facility until January 16, 2012. (Ex. 1, Complaint, at ¶1). Therefore, for purposes of removal, the relevant time period for Plaintiff's claim for alleged meal period violations is January 16, 2012 through June 17, 2013, or 74 weekly pay periods, which equals 370 work days.

24.

Based on the allegations in Plaintiff's Complaint that he "worked in shifts long enough to entitle [him] to first and second meal periods under California law" and that Defendants "failed to provide a second meal period," the amount in controversy on Plaintiff's individual meal period claim is calculated at **$10,830** [(29 weeks x 5 days per week x 1 missed meal period per day x $26) + (16 weeks x 5 days per week x 1 missed meal period per day x $29) + (9 weeks x 5 days per week x 1 missed meal period per day x $32) + (20 weeks x 5 days per week x 1 missed meal period per day x $33)].

**Non-Compliant Wage Statements Claims**

25.

In his fourth cause of action, Plaintiff alleges that "Defendants failed to provide accurate wage statements to [him]." (Ex. 1, Complaint, at ¶24.)

26.

Plaintiff seeks damages pursuant to Labor Code Section 226 as a result of these alleged violations. (Ex. 1, Complaint, at ¶63.) Labor Code Section 226(e) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

27.

Plaintiff may seek up to one year's worth of penalties on this claim. Caliber Bodyworks, Inc. v. Superior Court, 134 Cal. App. 4th 365, 376 (2005); Cal. Civil Proc. Code §340. Mountain Pass employees, including the Plaintiff, were paid on a weekly basis with 52 pay periods per year (Exh. 4-A). Presuming violations began

accruing one year prior to the end of Plaintiff's Mountain Pass employment, based on Plaintiff's allegation that he was not paid all wages due, 52 pay periods elapsed between June 18, 2012 and June 17, 2013.

28.

Based on the number of allegedly inaccurate wage statements he received, the amount in controversy on Plaintiff's claim for alleged wage statement violations is **$4,000** (the sum of $50 for the initial pay period and $100 for up to 51 subsequent pay periods exceeds $4,000, so the penalty is limited to $4,000 as noted above).

**Untimely Final Wages ("Waiting-Time Penalties") Claim**

29.

In his fifth cause of action, Plaintiff alleges that "Defendants failed to pay [him] all wages . . . during [his] employment and never paid these amounts after separation of employment . . ." (Ex. 1, Complaint, ¶27.) Plaintiff demands "continuation of [his] wages, from the day [his] earned and unpaid wages were due upon separation of employment until paid, up to a maximum of 30 days," as provided by Cal. Lab. Code §203. (Ex. 1, Complaint, at ¶72.)

30.

Plaintiff's claim is based on his allegations that Defendants have not paid all wages and overtime compensation owed to him upon termination of employment. (Ex. 1, Complaint, at ¶¶15, 16, 19.) Accordingly, the amount in controversy on Plaintiff's untimely wage claim is the statutory maximum penalty set forth in California Labor Code §203 – wages for each day he was not paid up to a thirty day maximum. See Cal. Lab. Code §203.

31.

Accordingly, the amount in controversy on Plaintiff's untimely final wages claim is **$7,920.00** (30 days x 8 hours per day x $33 per hour).

### PAGA Penalties Claim

32.

In addition to the unpaid minimum wages and overtime wages, meal period premium wages, wage statement penalties, and waiting-time penalties, Plaintiff alleges that he is entitled to recover PAGA civil penalties on behalf of himself and the State of California with respect to himself and all other "current or former aggrieved Employees" for Defendants' alleged violations of California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1194, 1197, and 1198. (Ex. 1, Complaint, ¶81.)

33.

PAGA authorizes "aggrieved employees," acting as private attorneys general, to assess and collect civil penalties for violations of the California Labor Code. Cal. Lab. Code §2698, *et seq*. Under PAGA, a Plaintiff may seek various penalties in the sum of, depending on the Code Section at issue, up to $250 per aggrieved employee, per pay period, for an initial Labor Code violation, and up to $1,000 for each subsequent violation per aggrieved employee, per pay period. Cal. Lab. Code §2699(f)(2).

34.

The maximum period for recovery of PAGA penalties is one year. Cal. Civ. Proc. Code §340; Thomas v. Home Depot USA Inc., 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007). Plaintiff, and any other aggrieved employees, had 52 pay periods between June 18, 2012 and June 17, 2013. Thus, while Defendants dispute that any

penalties are owed, Plaintiff may claim up to a maximum of 52 pay periods of penalties for each alleged Code Section violation.

35.

Accordingly, although Defendants dispute Plaintiff's ability to recover any PAGA penalties, for the purposes of removal, Defendants are required to take the allegations of the Complaint as pled. Plaintiff has asserted a claim for PAGA penalties based on eight alleged violations of the California Labor Code. Thus, based on the allegations in Plaintiff's Complaint, the amount of PAGA penalties, based solely on Plaintiff's individual claims, would amount to **$44,200**:

  a. For alleged violations of California Labor Code Sections 201 or 202, a $100 civil penalty for each pay period x 52 pay periods = **$5,200**;

  b. For alleged violations of California Labor Code Sections 226, a $250 civil penalty for each pay period x 52 pay periods = **$13,000**;

  c. For alleged violations of California Labor Code Section 226.7, a $100 civil penalty for each pay period x 52 pay periods = **$5,200**;

  d. For alleged violations of California Labor Code Section 510, a $50 civil penalty for each pay period x 52 pay periods = **$2,600**;

  e. For alleged violations of California Labor Code Section 512, a $50 civil penalty for each pay period x 52 pay periods = **$2,600**;

  f. For alleged violations of California Labor Code Section 1194, a $100 civil penalty for each pay period x 52 pay periods = **$5,200**;

  g. For alleged violations of California Labor Code Section 1197, a $100 civil penalty for each pay period x 52 pay periods = **$5,200**;

  h. For alleged violations of California Labor Code Section 1198, a $100 civil penalty for each pay period x 52 pay periods = **$5,200**.

36.

The <u>entire</u> **$44,200** in claimed potential individual PAGA penalties is to be considered in calculating the amount in controversy. See, e.g., <u>Patel v. Nike Retail Servs., Inc.</u>, No. 14-CV-00851, 2014 WL 3611096, at *9-*13 (N.D. Cal. July 21, 2014); <u>Schiller v. David's Bridal, Inc.</u>, 2010 WL 2793650, at *8 (E.D. Cal. Jul. 14, 2010) ("[I]t makes little difference whether the LWDA shares in this recovery – Plaintiff, by alleging PAGA penalties, has put 100% of the PAGA penalties in controversy.").[5]

37.

Therefore, based upon Plaintiff's allegations regarding Defendants' failure to pay wages and overtime, failure to provide meal periods, issuance of inaccurate wage statements, and Plaintiff's individual PAGA claims, a conservative estimate of the amount in controversy for Plaintiff's individual claims is **$94,025.00,** calculated as follows:

| | |
|---|---|
| **$27,075.00** | Minimum Wage and Overtime Claim |
| **$10,830.00** | Meal Period Claim |
| **$4,000.00** | Wage Statement Claim |
| **$7,920.00** | Untimely Final Wages ("Waiting Time") Claim |
| <u>**$44,200.00**</u> | Individual PAGA Penalties |
| *$94,025.00* | ***Total Amount in Controversy*** |

38.

Accordingly, since diversity of citizenship exists between Plaintiff and Defendants, and the amount in controversy between them is in excess of $75,000,

---

[5] Under the PAGA statute, a bounty equal to 25% of the total value of PAGA penalties is paid to "aggrieved employee(s) and 75% to the State." Cal. Lab. Code §2699(i). While district court caselaw is mixed regarding whether the entire amount of the claimed PAGA penalties, or just 25% of that amount, may be attributed to the named Plaintiff for the purpose of determining the amount in controversy, the most recent relevant district court decision (<u>Patel</u>, cited above) contains an extended discussion of the relevant recent caselaw and concludes that 100% of the individually claimed penalties should be attributed to the named Plaintiff for removal purposes. <u>Patel</u>, 2014 WL 3611096, at *9-*13; <u>Schiller</u>, 2010 WL 2793650, at *8.

this Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(a)(1), and Plaintiff's individual action is removable under 28 U.S.C. §1441(b).[6]

### VENUE AND INTRADISTRICT ASSIGNMENT

39.

Plaintiff originally brought this action in the Superior Court of the State of California for the County of San Bernardino. The County of San Bernardino lies within the jurisdiction of the United States District Court, Central District of California, Eastern Division.

40.

This Court is the United States District Court for the district within which the State Court Action is pending. Therefore, pursuant to 28 U.S.C. sections 1391(a), 1441(a) and 1446(a) venue lies in the Eastern Division of this Court.

### REMOVAL TIMELY

41.

This Notice of Removal is being filed within the time allowed by 28 U.S.C. § 1446(b) because it is filed within 30 days after the receipt by Defendants of papers that provided the basis for removal of this action. (See Ex. 2.)

### REMOVAL PROPERLY FILED

42.

Pursuant to 28 U.S.C. § 1446, this Notice of Removal complies with the requirement of 28 U.S.C. § 1446(a), concerning a short and plain statement for the grounds of removal, and with 28 U.S.C. § 1447(b), concerning the filing of all

---

[6] When at least one named plaintiff satisfies the amount-in-controversy requirement (and the other elements of jurisdiction are present), a district court may exercise supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those other plaintiffs' claims are for less than the jurisdictional minimum for diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (when complete diversity requirement was met and named plaintiff satisfied amount-in-controversy requirement, supplemental jurisdiction applied to claims of other class plaintiffs who did not individually meet amount-in-controversy requirement).

documents from the state court action. (See Exs. 1, 2.) Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been filed in the Superior Court of San Bernardino County, California, and has been served upon Plaintiff. A copy of the Notice to State Court of Removal of Civil Action is attached hereto as Ex. 5.

WHEREFORE, the Defendants give notice that the action now pending in the Superior Court of San Bernardino County, California, and assigned Case No. CIVDS 1408596, is hereby removed to the United States District Court for the Central District of California.

Dated:   August 27, 2014

By:   /s/ Karen Pazzani
KAREN PAZZANI, SBN 252133
kjp@millerlawgroup.com
**MILLER LAW GROUP**
12121 Wilshire Blvd., Suite 1375
Los Angeles, CA 90025
Telephone: 310.943.8500
Facsimile: 310.943.8501

SAMUEL ZURIK III (*pro hac vice* to follow)
SZ@kullmanlaw.com
RACHEL E. LINZY (*pro hac vice* to follow)
REL@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189

Attorneys for Defendants

4828-1891-1005, v. 1