ORIGINAL        SCANNED

1 | Lee R. Feldman, Esq. (SBN 171628)
lee@leefeldmanlaw.com
2 | Alicia Olivares, Esq. (SBN 181412)
alicia@leefeldmanlaw.com
3 | Leonard H. Sansanowicz, Esq. (SBN 255729)
leonard@leefeldmanlaw.com
4 | **FELDMAN BROWNE OLIVARES**
**A Professional Corporation**
10100 Santa Monica Blvd., Suite 2490
5 | Los Angeles, California 90067
Telephone: (310) 552-7812
6 | Fax:          (310) 552-7814

**F I L E D**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 2 2 2014

By _____
Deputy

7 | Attorneys for Plaintiff, DAVID L. TOTTEN,
and all others similarly situated

8

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN BERNARDINO – SAN BERNARDINO DISTRICT, CIVIL**

10

11 | DAVID L. TOTTEN, an individual, and all
others similarly situated
12 |
        Plaintiffs,
13 |
        vs.
14 |
15 | KELLOGG BROWN & ROOT, LLC, a
Delaware Corporation; MOLYCORP,
16 | INC., a Delaware Corporation; and DOES
1 through 100, inclusive,
17 |
        Defendants.
18

CASE NO.  CIVDS1408596

*[Assigned for All Intents and Purposes to the Honorable David Cohn in Dept. S37J]*

**CLASS ACTION**

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION AND FOR:**

1. **FAILURE TO PAY WAGES FOR ALL TIME WORKED AT MINIMUM WAGE RATE, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 1194 AND 1197**

2. **FAILURE TO PAY OVERTIME WAGES FOR DAILY OVERTIME AND ALL TIME WORKED, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 510, 1194, AND 1198**

3. **FAILURE TO PROVIDE SECOND MEAL PERIODS OR PAY MEAL PERIOD PREMIUM WAGES, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 512, 226.7**

4. **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS, IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 226**

19
20
21
22
23
24
25
26
27
28

*(left margin, vertical text)* FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

EXHIBIT
1

Exhibit 1, Page 19

---

1



5. **FAILURE TO TIMELY PAY ALL EARNED WAGES DUE AT TIME OF SEPARATION OF EMPLOYMENT, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 201, 202 AND 203**

6. **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200,** *et seq.*

7. **CIVIL PENALTIES PURSUANT TO LABOR CODE SECTION 2698,** *et seq.*

**DEMAND FOR A JURY TRIAL**

COMES NOW plaintiff DAVID L. TOTTEN ("Plaintiff"), as an individual and a representative of those similarly situated, by and through his undersigned attorneys and for this complaint against defendants KELLOGG BROWN & ROOT, LLC, a Delaware Corporation ("KBR"); MOLYCORP, INC., a Delaware Corporation ("MCI"); and DOES 1 through 100, inclusive (collectively, "Defendants"), alleges upon personal knowledge and belief as to, his own acts, and upon information and belief (based upon the investigation of his counsel) as to all other matters, as to which allegations he believes substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

## I.   INTRODUCTION

This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay for all hours worked at least at minimum wage; failure to pay overtime premium wages for overtime hours worked; failure to provide required meal periods or pay meal period premium wages; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; civil penalties pursuant to The Labor Code Private Attorneys General Act of 2004 ("PAGA"); liquidated damages for failure to pay minimum wage; injunctive relief and other equitable relief; reasonable attorney's fees pursuant to California Labor Code sections 226(h), 1194, and 2699(g)(1); costs; and interest brought on behalf of Plaintiff and others similarly situated.

## II.   THE PARTIES

1.    Plaintiff is, and at all times herein mentioned was, an individual residing in the Clark

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

2

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**



1   County in the State of Nevada. Plaintiff was jointly employed as a rigging foreman by Defendants

2   from January 16, 2012, through June 17, 2013, at Defendants' place of business, the Molycorp

3   Mountain Pass rare earth facility, located on the Clark Mountain Range: 67750 Bailey Road,

4   Mountain Pass, CA 92366.

5       2.      Plaintiff is informed and believes and on that basis alleges that defendant KBR is, and

6   at all times herein mentioned was, a Delaware corporation that jointly employed Plaintiff and other

7   non-exempt employees throughout the State of California and therefore its conduct forms a

8   significant basis of the claims asserted in this matter.

9       3.      Plaintiff is informed and believes and on that basis alleges that defendant MCI is, and

10  at all times herein mentioned was, a Delaware corporation that jointly employed Plaintiffs and other

11  non-exempt employees throughout the State of California and therefore its conduct forms a

12  significant basis of the claims asserted in this matter.

13      4.      Plaintiff is informed and believes and thereon alleges that defendant Does 1 through

14  50 are corporations or are other business entities or organizations of a nature unknown to Plaintiff.

15      5.      Plaintiff is informed and believes and thereon alleges that KBR is authorized to do

16  business within the State of California and is doing business in the State of California and/or that

17  Defendants Does 51 through 65 are, and at all times relevant hereto were, individuals acting on

18  behalf of KBR in the establishment of, or ratification, of, the aforementioned illegal wage and hour

19  practices or policies. KBR operates in San Bernardino County and employed Plaintiff and other

20  putative class members in San Bernardino County through its business located at the Molycorp

21  Mountain Pass rare earth facility, 67750 Bailey Road, Mountain Pass, CA 92366.

22      6.      Plaintiff is informed and believes and thereon alleges that MCI is authorized to do

23  business within the State of California and is doing business in the State of California and/or that

24  Defendants Does 66 through 80 are, and at all times relevant hereto were, individuals acting on

25  behalf of MCI in the establishment of, or ratification, of, the aforementioned illegal wage and hour

26  practices or policies. MCI operates in San Bernardino County and employed Plaintiff and other

27  putative class members in San Bernardino County through its business located at the Molycorp

28  Mountain Pass rare earth facility, 67750 Bailey Road, Mountain Pass, CA 92366.

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

3

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

7.     Plaintiff is informed and believes and thereon alleges that Defendants Does 81 through 100 are individuals unknown to Plaintiff. Each of the individual defendants is sued individually and in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification, of, the aforementioned illegal wage and hour practices or policies.

8.     Plaintiff currently is unaware of the true names of Defendants Does 1 through 100. Plaintiff sues said defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint.

9.     Plaintiff is informed, believes, and thereon alleges that at all relevant times, each defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes defendants KBR, MCI, and Does 1 through 100.

10.     At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

4

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION



11.     Plaintiff makes the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading. Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

### III.   JURISDICTION AND VENUE

12.     This Court has jurisdiction and venue is proper in this county for the following reasons: Defendants operate throughout California; Defendants employed Plaintiff in San Bernardino County; Defendants operate at the Molycorp Mountain Pass rare earth facility, 67750 Bailey Road, Mountain Pass, CA 92366; the principal violations of California law occurred in California; the conduct of Defendants forms a significant basis for Plaintiff's and the Class Members' claims; and Plaintiff and Class Members seek significant relief from Defendants.

### IV.   DESCRIPTION OF ILLEGAL PAY PRACTICES

13.     Pursuant to the applicable Industrial Welfare Commission Wage Order ("Wage Order"), codified at California Code of Regulations title 8, section 11160, KBR, MCI, and business entities sued as DOES 1-50 were and are employers of Plaintiff and others similarly situated within the meaning of the applicable Wage Order and applicable California Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the California Labor Code.

14.     **Failure to pay wages for all hours worked at California's minimum wage**: Defendants employ many of their employees, including Plaintiffs, as non-exempt employees. In California, an employer is required to pay hourly non-exempt employees for all "hours worked," which includes all time that an employee is under control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

15.     Plaintiffs and similarly situated employees worked many hours for which Defendants failed to compensate the employees at all. Specifically, Defendants had a policy and/or practice requiring their non-exempt employees to report to a designated location from which the employees were transported by school bus or shuttle bus to the work site. There was no alternative form of transportation to the work site, nor could the employees walk from the designated pickup area to the

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

5

Exhibit 1, Page23

work site.   Defendants required their non-exempt employees to report to the pickup area approximately 30 minutes before the employees' scheduled shift start time and to be at the work site ready to work no later than 15 minutes prior to the start of the employees' shift.   However, employees were not permitted to clock in until the beginning of their shift.   Similarly, at the end of the work day, Defendants transported their non-exempt employees from the work site back to the designated pickup site after the employees had already clocked out for the day.   Defendants failed to compensate Plaintiff and similarly situtated employees for the transportation time both pre- and post-shift that they were subject to Defendants' control but not paid.   Thus, Defendants engaged, suffered or permitted their employees to work time for which they did not compensate the employees.   This unpaid time was part of the employees' fixed or regular working time and is a practically ascertainable period of time.

16.     **Failure to pay wages for all hours worked in excess of eight hours per day at the non-exempt employees' overtime rate of pay**: Defendants' non-exempt employees routinely worked more than eight hours per workday, as many as 10 hours or more.

17.     California Labor Code sections 510 and 1194 require an employer to compensate employees a higher rate of pay for hours worked in excess of eight hours in a workday.

18.     California Labor Code section 1198 provides that the maximum hours set by the Industrial Welfare Commission ("IWC" or "Commission") shall be the maximum hours of labor for employees.   The Wage Order also provides for higher rates of pay for hours worked in excess of eight hours in a workday.

19.     Despite that California law requires employers to pay employees a higher rate of pay for all hours worked in excess of eight hours in a workday, Defendants failed to pay their non-exempt employees overtime wages due to them for their daily overtime hours worked.   Specifically, when Defendants failed to account for compensable drive time that Plaintiff and other non-exempt employees spent subject to their control, Defendants did not account for those overtime hours nor did Defendants pay those employees overtime premium wages of one and one-half times their regular rate of pay for all hours in excess of eight hours in a workday in which they were subject to Defendants' control.

6

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

20. **Failure to pay non-exempt employees wages to compensate them for workdays Defendants failed to provide second meal periods:** Because Defendants failed to account for the compensable drive time during which their non-exempt employees were subject to their control, Defendants often employed non-exempt employees, including the named Plaintiff and all others similarly-situated, for shifts longer than ten (10) hours in length.

21. Plaintiffs and similarly situated employees worked on workdays in shifts long enough to entitle them to second meal periods under California law. Defendants employed a policy and procedure that did not provide at all for a second 30-minute meal period when the employees worked shifts of more than ten hours.

22. Defendants failed to pay premium wages to Plaintiff and similarly situated employees to compensate them for each workday Defendants failed to timely provide the employees all legally required duty-free meal periods. Defendants employed policies and procedures which ensured employees did not receive any premium wages to compensate them for the workdays in which Defendants failed to timely provide the employees all legally required meal periods.

23. This practice resulted in Plaintiffs and all other similarly situated employees not receiving premium wages to compensate them for workdays which Defendants did not provide them with timely duty-free meal periods, in violation of California law. These issues were common to each employee and predominated among all non-exempt employees.

24. **Failure to provide non-exempt employees accurate wage statements:** California Labor Code section 226(a) provides that employers must provide itemized wage statements to their employees, including, *inter alia*, gross and net wages earned, total hours worked by the employee, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

25. Defendants failed to provide accurate wage statements to Plaintiff and similarly situated non-exempt employees who were subject to Defendants' control for uncompensated time, including overtime hours, or the premium wages for missed meal periods and overtime hours to which Plaintiffs and other similarly situated non-exempt employees were and are entitled.

26. **Failure to pay non-exempt employees all wages due at time of separation of**

7



**employment**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Labor Code section 201) or within 72 hours of resignation (Labor Code section 202).

27.     Because Defendants failed to pay Plaintiff and other non-exempt employees with all wages (including minimum wage, overtime wages, and unpaid meal period premium wages, as discussed above) during their employment and never paid these amounts after separation of employment, Defendants failed to pay those employees timely after each employee's termination and/or resignation.

### III.     CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action on behalf of himself, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of a Class defined as follows:

A.     **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who were not compensated at least at minimum wage for all hours worked.

B.     **Overtime Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked more than eight hours in a workday and/or 40 hours in a workweek to whom Defendants did not pay overtime wages.

C.     **Second Meal Period Class**:  All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked shifts of more than ten hours yet Defendants did not provide required second duty-free meal periods of not less than 30 minutes.

D.     **Wage Statement Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within one year prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who received

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**




1    inaccurate or incomplete wage statements.

2          E.       **Waiting Time Class**: All current and former hourly non-exempt employees

3    employed by Defendants in California at any time within the three years prior to the filing of the

4    initial complaint in this action and through the date notice is mailed to a certified class who did not

5    receive payment of all unpaid wages within the statutory time period upon separation.

6          F.       **California Class**: All aforementioned classes are hereby collectively referred

7    to as the "California Class."

8          29.      There is a well defined community of interest in the litigation and the classes are

9    ascertainable:

10         A.       **Numerosity**: While the exact number of class members in each class is

11   unknown to plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of

12   all members is impractical under the circumstances of this case.

13         B.       **Common Questions Predominate**: Common questions of law and fact exist

14   as to all members of the Plaintiff classes and predominates over any questions that affect only

15   individual members of each class. The common questions of law and fact include, but are not limited

16   to:

17                  i.       Whether Defendants violated California Labor Code sections 1194 and

18   1197 by not paying employees' wages at least at a minimum wage rate for time that the California

19   Class were subject to Defendants' control but were not paid;

20                  ii.      Whether Defendants violated California Labor Code sections 510 and

21   1194 by not paying the California Class at the applicable overtime rates of pay for workdays worked

22   in excess of eight hours as a result of not paying the Class Members for all hours worked in a

23   workday;

24                  iii.     Whether Defendants violated California Labor Code sections 512 and

25   226.7, as well as the applicable Wage Order, by employing California Class Members without

26   providing all their required meal periods or paying meal period premium wages;

27                  iv.      Whether Defendants failed to provide the California Class Members

28   with accurate itemized statements;

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

9

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**




v.     Whether Defendants failed to provide California Class Members with all unpaid wages within the statutory time period following separation of employment;

vi.     Whether Defendants committed unlawful business acts or practices within the meaning of Business and Professions Code section 17200 *et seq.*;

vii.     Whether Defendants committed unlawful business acts or practices within the meaning of Business and Professions Code section 17200 *et seq.*;

viii.     Whether Class Members are entitled to unpaid wages, penalties, interest, fees and other relief in conjunction with their claims; and

ix.     Whether, as a consequence of Defendant's unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief; and

x.     Whether Defendant's affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff, and the Class Members as a whole.

C.     **Typicality**: Plaintiff's claims are typical of the claims of the class members in each of the classes. Plaintiff and the members of the California Class sustained damages arising out of Defendants' failure to: pay wages for all hours of work at least at California's minimum wage; pay overtime wages for workdays in which Class Members were subject to Defendants' control but not paid for their time, resulting in workdays in which employees worked more than eight hours; provide Class Members all legally required meal periods and failure to pay meal period premium wages as compensationfurnish Class Members with accurate itemized wage statements in compliance with California Labor Code section 226; and provide Class Members all unpaid yet earned wages due upon the end of their employment.

D.     **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members. Plaintiff's Counsel is qualified to conduct the litigation.

E.     **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

10

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action.   Individualized litigation would also present the potential for inconsistent or contradictory judgments.0.

F.      **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY AT LEAST THE LEGAL MINIMUM WAGE RATE FOR ALL TIME WORKED, IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

**(By the Minimum Wage Class against KBR, MCI, and Does 1-50, Inclusive)**

30.      Plaintiff hereby incorporates by reference paragraphs 1-29 above, as if fully set herein by reference.

31.      At times relevant to this Complaint, Plaintiffs and the members of the Minimum Wage Class were non-exempt employees of KBR, MCI, Does 1-50, or any of them, covered by California Labor Code sections 1194 and 1197.

32.      Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and members of the Minimum Wage Class are entitled to receive wages for all hours worked and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

33.      KBR's payroll policies and procedures required employees of the California Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

11

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

were subject to KBR's control, including but not limited to pre- and post-shift compensable drive time.

34.     MCI's payroll policies and procedures required employees of the California Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to MCI's control, including but not limited to pre- and post-shift compensable drive time.

35.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

36.     Pursuant to California Labor Code section 1194, Plaintiff and members of the Minimum Wage Class are entitled to recover unpaid minimum wage, interest thereon, and attorney's fees and costs.

37.     Pursuant to California Labor Code section 1194.2(a), Plaintiff and members of the Minimum Wage Class are entitled to recover liquidated damages in the amount of their unpaid minimum wage.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 510, 1194 AND 1198

#### (By the Overtime Class Against KBR, MCI, and Does 1-50)

38.     Plaintiff hereby incorporates by reference paragraphs 1-37 above, as if fully set herein by reference.

39.     At times relevant to this Complaint, Plaintiff and the members of the Overtime Class were non-exempt employees of KBR, MCI, Does 1-50, or any of them, covered by California Labor Code sections 510 and 1194 and the Wage Order.

40.     Pursuant to California Labor Code sections 510 and 1194 and the Wage Order, non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of eight hours in a workday.

41.     California Labor Code section 510, subdivision (a), states in relevant part:

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL



Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and on-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

42.     Further, California Labor Code section 1198 provides:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Section 3(A)(1) of the Wage Order provides that eight hours of labor constitutes a day's work, and that employees must be paid at the overtime rates specified in Labor Code section 510(a).

43.     KBR's payroll policies and procedures required Plaintiff and similarly situated non-exempt employees of the Overtime Class to be subject to its control in excess of eight hours in a workday, yet KBR did not pay employees overtime wages for this time. MCI's payroll policies and procedures required Plaintiff and similarly situated non-exempt employees of the Overtime Class to be subject to its control in excess of eight hours in a workday, yet MCI did not pay employees overtime wages for this time.

44.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Overtime Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at an overtime rate of pay for all hours worked which constitute overtime hours.

45.     Pursuant to California Labor Code section 1194, Plaintiff and the Overtime Class members are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorney's fees and costs.

///

///

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION



**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE SECOND MEAL PERIODS, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 512 AND 226.7 AND THE WAGE ORDER**

**(By the Second Meal Period Class Against KBR, MCI, and DOES 1 to 50)**

46.     Plaintiff hereby incorporates by reference paragraphs 1-45 above, as if fully set herein by reference.

47.     At times relevant to this Complaint, Plaintiff and the members of the Second Meal Period Class were non-exempt employees of KBR, MCI, Does 1-50, or any of them, covered by California Labor Code sections 512 and 226.7 and the Wage Order.

48.     California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities no later than the employee's sixth hour of work. Cal. Lab. Code §§ 226.7, 512; Wage Order §11; *Brinker Rest. Corp. v. Super Ct.(Hohnbaum)* (2012) 53 Cal.4th 1004.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second such meal period of not less than 30 minutes by no later than the start of the eleventh hour of work. *Id.* If the employee is not relieved of all duty during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when: (1) the nature of the work prevents an employee from being relieved of all duty; and (2) the parties have a written agreement agreeing to on duty meal periods.

49.     Plaintiff and similarly situated employees worked in shifts long enough to entitle them to first and second meal periods under California law.  Defendants failed to provide their non-exempt employees a full 30-minute meal period for each five hour period of work as required by law. Specifically, KBR, MCI, and Does 1-50 failed to provide a second meal period to their non-exempt employees before the employees began their eleventh hour of work.

50.     KBR, MCI, and Does 1-50 also failed to provide premium wages to Plaintiffs and similarly situated employees to compensate them for workdays they did not receive all legally required duty free meal periods.  KBR, MCI, and Does 1-50 employed policies and procedures which

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

14

ensured their non-exempt employees would not receive all legally required meal periods, particularly second meal periods. KBR, MCI, and Does 1-50 employed policies and procedures which ensured their non-exempt employees did not receive premium wages to compensate them for workdays Defendants did not timely provide all required meal periods, including second meal periods. This practice resulted in Plaintiff and all other similarly situated employees not receiving premium wages to compensate them for workdays which KBR, MCI, and Does 1-50 did not provide them with all required meal periods, in violation of California law.

51.     Defendants' policies and procedures prevented Plaintiff and other Second Meal Period Class Members from receiving all legally required meal periods or Defendants from providing such meal periods to Plaintiff and other Second Meal Period Class Members during workdays the employees worked more than ten hours in one shift.

52.     Defendants employed policies and procedures which ensured Plaintiff and similarly situated employees did not receive any premium wages to compensate them for workdays that they did not receive all legally required meal periods.

53.     Defendants' unlawful conduct alleged herein occurred during the course of Plaintiff's employment and the employment of and all others similarly situated, and such conduct has continued through the filing of this Complaint.

54.     Because KBR, MCI, and Does 1-50 failed to provide second meal periods, they are liable to Plaintiff and the Second Meal Period Class Members for one hour of additional pay at the regular rate of compensation for each workday the meal periods were not provided, pursuant to California Labor Code section 226.7 and Section 11 of the Wage Order.

55.     Plaintiff, on behalf of himself and the Second Meal Period Class, seeks damages and all other relief allowable, including a meal period premium wage for each workday KBR, MCI, and Does 1-50 failed to provide all required 30-minute uninterrupted meal periods, plus pre-judgment interest.

56.     Thus, Plaintiff and Second Meal Period Class Members are entitled to one hour of pay at their regular rate of pay for each workday KBR, MCI, and Does 1-50 failed to provide all required meal periods, plus pre-judgment interest.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit 1, Page33

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION



## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS, IN

## VIOLATION OF CALIFORNIA LABOR CODE SECTION 226

### (By the Wage Statement Class Against KBR, MCI and DOES 1 to 50)

57.     Plaintiff hereby incorporates by reference paragraphs 1-57 above, as if fully set herein by reference.

58.     At all relevant times, Plaintiff and the other members of the Wage Statement Class were non-exempt employees of KBR, MCI, Does 1-50, or any of them, covered by California Labor Code section 226.

59.     Pursuant to California Labor Code section 226, subdivision (a), Plaintiff and the other members of the class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

60.     Defendants' illegal wage practices, including but not limited to Defendants' failure to pay at least minimum wage for all time worked, failure to pay overtime premium wages for all overtime hours worked, and failure to pay meal period premium wages, resulted in Defendants providing their non-exempt employees with inaccurate itemized wage statements in violation of California Labor Code section 226, including but not limited to the employees' gross and net pay and

16

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

1    all applicable hourly rates and earnings at each rate.

2        61.    Defendants' failure to provide Plaintiff and members of the Wage Statement Class

3    with accurate wage statements was knowing and intentional.  Defendants had the ability to provide

4    Plaintiff and members of the Class with accurate wage statements but intentionally failed to do so.

5    Defendants knowingly and intentionally put in place practices which deprived employees of wages

6    and resulted in Defendants' knowing and intentional failure to provide accurate wage statements.

7    These practices included Defendants' failure to provide Plaintiff and other similarly situated

8    employees with wage statements of all the employees' applicable rates of pay and wages due.

9        62.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Wage

10   Statement Class have suffered injury.  The absence of accurate information in the form of wage

11   statements has prevented earlier challenges to Defendants' unlawful pay practices, will require

12   discovery and mathematical computations to determine the amount of wages owed,  and will cause

13   difficulty and expense in attempting to reconstruct time and pay records.  Defendants' conduct led to

14   the submission of inaccurate information about wages and amounts deducted from wages to state and

15   federal government agencies.  As a result, Plaintiff and similarly situated employees are required to

16   participate in this lawsuit and create more difficulty and expense for Plaintiff and similarly situated

17   employees from having to reconstruct time and pay records than if Defendants had complied with

18   their legal obligations when required to do so.

19       63.    Pursuant to California Labor Code section 226(e), Plaintiff and members of the Wage

20   Statement Class are entitled to recover fifty dollars per employee for the initial pay period in which a

21   Section 226 violation occurred, and one hundred dollars per employee per violation for each

22   subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

23       64.    Pursuant to California Labor Code Section 226(h), Plaintiff and members of the Wage

24   Statement Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance

25   with California Labor Code section 226(a). Injunctive relief is warranted because Defendants

26   continue to provide currently employed members of the Class with no wage statements, in violation

27   of California Labor Code section 226(a), and currently employed members of the Class have no

28   adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants'

17

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**



ongoing unlawful conduct.  Injunctive relief is the only remedy available for ensuring Defendants' compliance with California Labor Code section 226(a).

65.     Pursuant to California Labor Code sections 226(e) and 226(h), Plaintiff and members of the Wage Statement Class are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorney's fees, and costs of suit.

### FIFTH CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT, IN VIOLATION OF LABOR CODE SECTIONS 201 AND 202**

**(By the Waiting Time Class Against KBR, MCI and DOES 1 to 50)**

66.     Plaintiff hereby incorporates by reference paragraphs 1-65 above, as if fully set herein by reference.

67.     At all relevant times, Plaintiff and the other members of the Waiting Time Class were non-exempt employees of KBR, MCI, and Does 1-50 covered by Labor Code Sections 201 or 202.

68.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting Time Class were entitled upon separation of employment to timely payment of all wages earned and unpaid prior to such separation.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

69.     KBR failed to pay Plaintiffs and members of the Waiting Time Class all wages earned and unpaid prior to separation of employment in accordance with Labor Code Section 201 or 202.  MCI failed to pay Plaintiff and members of the Waiting Time Class all wages earned and unpaid prior to separation of employment in accordance with Labor Code Section 201 or 202.  Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of not paying non-exempt employees all earned wages upon separation of employment.

70.     Defendants' failure to timely pay Plaintiff and members of the Waiting Time Class all

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

18

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION



1   wages earned prior to separation of employment in accordance with Labor Code Sections 201 or 202

2   was willful. Defendants had the ability to pay all wages earned by non-exempt employees prior to

3   separation of employment in accordance with Labor Code Sections 201 or 202 but intentionally

4   adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202.

5   Defendants' practices are described in further detail above.  When Defendants failed to pay non-

6   exempt employees timely upon separation of employment all unpaid wages earned prior to such

7   separation, Defendants knew what they were doing and intended to do what they did.

8        71.    Pursuant to Labor Code Section 201 or 202, Plaintiff and members of the Waiting

9   Time Class are entitled to all wages earned prior to separation of employment that Defendants did

10   not pay them.

11        72.    Pursuant to Labor Code Section 203, Plaintiff and members of the Waiting Time

12   Class are entitled to continuation of their wages, from the day their earned and unpaid wages were

13   due upon separation of employment until paid, up to a maximum of 30 days.

14        73.    As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class

15   have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages

16   earned prior to the separation of their employment.

17        74.    As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class

18   have suffered damages in an amount, subject to proof, to the extent they were not paid all

19   continuation wages owed under Labor Code Section 203.

20        75.    Pursuant to Labor Code sections 201 and 202, Plaintiff and members of the Waiting

21   Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under

22   Section 203, and interest thereon.

### SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND

### PROFESSIONS CODE SECTION 17200, *et seq.*

**(By the California Class Against All Defendants)**

27        76.    Plaintiff hereby incorporates by reference paragraphs 1-75 above, as if fully set herein

28   by reference.

19

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**



77.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200. This unfair conduct includes Defendants' use of policies and procedures which resulted in Defendants' failure to: pay employees at least minimum wage for all time worked; pay overtime wages for workdays in excess of eight hours and/or workweeks in excess of 40 hours; provide all required meal periods or pay meal period premium wages; provide accurate wage and hour statements; and timely pay all wages due upon separation of employment.  Due to their unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to do the following: pay minimum wage for all hours worked; pay overtime premium wages for all hours worked; provide all required meal periods; provide accurate wage statements; and timely pay all unpaid wages following separation of employment.

78.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and members of the Minimum Wage Class, Overtime Class, Second Meal Period Class, Wage Statement Class, and Waiting Time Class have suffered injury in fact and lost money or property, as described in more detail above.

79.     Pursuant to Business and Professions Code Section 17203, Plaintiff and members of the Minimum Wage Class, Overtime Class, Second Meal Period Class, Wage Statement Class, and Waiting Time Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay them and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

## SEVENTH CAUSE OF ACTION

### CIVIL PENALTIES PURSUANT TO THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR CODE SECTION 2698, *et seq.*

#### (By the California Class Against All Defendants)

80.     PLAINTIFF incorporates paragraphs 1 through 80 of this complaint as if fully alleged

20

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

herein.

81.    During the period beginning one year period preceding the filing of the initial complaint in this action, Defendants violated California Labor Code sections 201,202, 203, 226, 226.7, 510, 512, 1194, 1197, and 1198, as alleged in more detail above.

82.    Specifically, Defendants have committed the following violations of the California Labor Code:

A.    **Failure to pay wages for all hours worked at the legal minimum wage**: Defendants employed non-exempt employees, including Plaintiff, off of the clock than Defendants credited them with having worked.  Specifically, Defendants had a policy and/or practice requiring their non-exempt employees to report to a designated location from which the employees were transported by school bus or shuttle bus to the work site approximately 30 minutes before the employees' scheduled shift start time and to be at the work site ready to work no later than 15 minutes prior to the start of the employees' shift.  Similarly, at the end of the work day, Defendants transported their non-exempt employees from the work site back to the designated pickup site after the employees had already clocked out for the day.  Defendants failed to compensate Plaintiff and similarly situated employees for the transportation time both pre- and post-shift that they were subject to Defendants' control but not paid.  Thus, Defendants engaged, suffered or permitted their employees to work time for which they did not compensate the employees.  This unpaid time was part of the employees' fixed or regular working time and is a practically ascertainable period of time.

B.    **Failure to pay wages for all hours worked in excess of eight hours per day at the employee's overtime rate of pay**: Defendants' employees, including Plaintiff, routinely worked more than eight hours per workday.  Despite that California law requires employers to pay employees a higher rate of pay for all hours worked in excess of eight hours in a workday, Defendants failed to pay their employees overtime wages due them for their daily overtime hours worked.  Specifically, Plaintiff and similarly situated employees worked additional daily or weekly overtime hours due to Defendants' policies and procedures requiring the employees to work off-the-clock time both at the beginning as well as the end of each work period. These practices resulted in time during which Plaintiff and similarly situated employees were subject to Defendants' control but

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

21

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

were not compensated at their overtime rate of pay when they worked more than eight hours in a workday or 40 hours in a workweek.

C. **Failure to pay non-exempt employees wages to compensate them for workdays Defendants failed to provide required meal periods:** Defendants employed non-exempt employees, including the named Plaintiff and all others similarly-situated, for shifts longer than five (5) hours in length. Defendants utilized a policy and procedure that did not provide at all for a second 30-minute meal period when the employees worked shifts of more than ten hours, which resulted in non-duty-free meal periods in which employees were still subject to Defendants' control. Defendants also failed to pay wages to Plaintiff and similarly situated employees to compensate them for each workday the employees did not receive all legally required duty-free meal periods.

D. **Pay Stub Violations**: Defendants failed to provide accurate wage statements to Plaintiff and similarly situated employees who were under Defendants' control for uncompensated time, including unpaid work time, failure to pay overtime wages, and failure to pay premium wages for missed second meal periods.

E. **Failure to Pay Plaintiff All Wages Due at Time of Termination/Resignation**: Because Defendants failed to pay Plaintiff and other similarly situated employees for all time worked, all overtime wages, and missed meal period premium wages upon termination, Defendants failed to pay those employees timely upon separation of employment.

F. California Labor Code section 2699 authorizes an aggrieved employee, on behalf of himself or other current or former employees, to bring a civil action to recover civil penalties against his employer pursuant to the procedures specified in Section 2699.3.

G. Plaintiff has complied with the procedures for bringing suit specified in Section 2699.3. By letter dated and postmarked June 16, 2014, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, attached hereto as Exhibit 1.

H. Pursuant to California Labor Code section 2699.3, the LWDA must give written notice by certified mail to the parties that it intends to investigate the alleged violations of the

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

California Labor Code within 33 days of the date of the complainant's written notice. The LWDA did not provide the parties notice within 33 days of Plaintiff's letter that it intended to investigate Plaintiff's claims.

83.     Pursuant to California Labor Code sections 2699(a) and (f), and 2699.5, Plaintiff is entitled to recover civil penalties for Defendants' violations of California Labor Code 201, 202, 226, 226.7, 510, 512, 1194, 1197, and 1198 during the Civil Penalty Period, as follows:

a.     For violations of California Labor Code sections 201 or 202, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by California Labor Code section 2699(f)(2)].

b.     For violations of California Labor Code section 226, two hundred fifty dollars ($250) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one thousand dollars ($1000) for each underpaid employee for each pay period [penalty amounts established by California Labor Code section 226.3].

c.     For violations of California Labor Code section 226.7, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by California Labor Code section 2699(f)(2)].

d.     For violations of California Labor Code section 510, fifty dollars ($50) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period [penalty amounts established by California Labor Code section 558].

e.     For violations of California Labor Code section 512, fifty dollars ($50) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period [penalty amounts established by California Labor Code section 558].

f.     For violations of California Labor Code section 1194, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars



23

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**




($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by California Labor Code section 2699(f)(2)].

        g.      For violations of California Labor Code section 1197, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by California Labor Code section 1197.1(a)].

        h.      For violations of California Labor Code section 1198, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by California Labor Code section 2699(f)(2)].

    84.      Pursuant to California Labor Code section 2699(g)(1), Plaintiff is entitled to an award of reasonable attorney's fees and costs in connection with his claims for civil penalties.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF, ON HIS BEHALF AND ON BEHALF OF THOSE SIMILARLY-SITUATED, PRAYS AS FOLLOWS:**

**ON THE FIRST, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION:**

    1.      That the Court determine that this action may be maintained as a class action (for the California Class) pursuant to Code of Civil Procedure section 382 and any other applicable law;

    2.      That the named Plaintiff be designated as class representative for the California Class (and all sub-classes thereof);

    3.      That counsel for Plaintiff be designated as Class Counsel;

    4.      A declaratory judgment that the practices complained herein are unlawful; and,

    5.      An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

///

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit 1, Page42



**ON THE FIRST CAUSE OF ACTION:**

1.    That Defendants be found to have violated the minimum wage provisions of the California Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2.    For damages, according to proof, including but not necessarily limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For liquidated damages pursuant to California Labor Code section 1194.2;

5.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

6.    For attorney's fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194;

7.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and,

8.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SECOND CAUSE OF ACTION:**

1.    That Defendants be found to have violated the overtime provisions of the California Labor Code and the Wage Order as to Plaintiff and the Overtime Class;

2.    For damages, according to proof, including but not limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

5.    For attorney's fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194; and,

6.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE THIRD CAUSE OF ACTION:**

1.    That Defendants be found to have violated the meal period provisions of the

FELDMAN BROWNE OLIVARES<br>A PROFESSIONAL CORPORATION

25

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**



1  California Labor Code and the IWC Wage Order as to Plaintiff and the Second Meal Period Class;

2      2.      For damages, according to proof, including unpaid premium wages;

3      3.      For pre-judgment interest, including but not limited to that recoverable under

4  California Labor Code section 218.6, and post-judgment interest; and

5      4.      For such and other further relief, in law and/or equity, as the Court deems just or

6  appropriate.

7  **ON THE FOURTH CAUSE OF ACTION:**

8      1.      That Defendants be found to have violated the provisions of the California Labor

9  Code regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

10      2.      For damages and/or penalties, according to proof, including damages and/or statutory

11  penalties under California Labor Code section 226(e) and any other legally applicable damages or

12  penalties;

13      3.      For pre-judgment interest and post-judgment interest;

14      4.      For injunctive relief under California Labor Code section 226(h);

15      5.      For attorney's fees and costs of suit, including but not limited to that recoverable

16  under California Labor Code sections 226(e) and 226(h); and,

17      6.      For such and other further relief, in law and/or equity, as the Court deems just or

18  appropriate.

19  **ON THE FIFTH CAUSE OF ACTION:**

20      1.      That Defendants be found to have violated the provisions of the Labor Code regarding

21  payment of wages due upon separation of employment as to Plaintiff and the Waiting Time Class;

22      2.      For damages and/or penalties, according to proof, including damages and/or statutory

23  penalties under Labor Code section 203 and any other legally applicable damages or penalties;

24      3.      For pre-judgment interest, including under California Labor Code section 218.6, and

25  post-judgment interest; and,

26      4.      For such and other further relief, in law and/or equity, as the Court deems just or

27  appropriate.

28  ///

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

26

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## ON THE SIXTH CAUSE OF ACTION:

1.    That the Defendants be found to have violated Business and Professions Code section 17200 for the conduct alleged herein as to all Classes;

2.    A declaratory judgment that the practices complained herein are unlawful;

3.    An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.    For restitution to the full extent permitted by law; and,

5.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE SEVENTH CAUSE OF ACTION:

1.    That Defendants be found to have violated the provisions of the California Labor Code and Wage Order as to Plaintiff and current or former aggrieved employees;.

2.    For any and all legally applicable penalties, including but not limited to that recoverable under California Labor Code section 2699(f), 226.3, 558, and 1197.1.

3.    For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 2699(g); and,

4.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: July 21, 2014

FELDMAN BROWNE OLIVARES,
A Professional Corporation

By: 

LEE R. FELDMAN
ALICIA OLIVARES
LEONARD H. SANSANOWICZ
Attorneys for Plaintiffs, DAVID L.
TOTTEN and all others similarly situated

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

27

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Plaintiff David L. Totten hereby demands a trial by jury for himself and the California Class on all claims so triable.

Dated:        July 21, 2014                    FELDMAN BROWNE OLIVARES,
                                               A Professional Corporation

                                       By:     _____
                                               LEE R. FELDMAN
                                               ALICIA OLIVARES
                                               LEONARD H. SANSANOWICZ
                                               Attorneys for Plaintiffs, DAVID L.
                                               TOTTEN and all others similarly situated

28

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Leonard H. Sansanowicz, Esq. (State Bar No. 255729)
Feldman Browne Olivares, APC
10100 Santa Monica Blvd., Suite 2490

Los Angeles, CA 90067
TELEPHONE NO.: (310) 552-7812   FAX NO.: (310) 552-7814
ATTORNEY FOR *(Name):* Plaintiff David L. Totten

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 W. Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino District, Civil Division

CASE NAME: Totten v. Kellogg Brown & Root, LLC, et al.

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 1 6 2014

BY _____
NICOLE HYDUKOVICH, DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIVDS1408596  JUDGE: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive

**4.** Number of causes of action *(specify):* Six

**5.** This case [x] is [ ] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 16, 2014

Leonard H. Sansanowicz, Esq. (State Bar
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10