KAREN PAZZANI, SBN 252133
kjp@millerlawgroup.com
**MILLER LAW GROUP**
12121 Wilshire Blvd., Suite 1375
Los Angeles, CA 90025
Telephone: 310.943.8500
Facsimile: 310.943.8501

SAMUEL ZURIK III (*pro hac vice*)
SZ@kullmanlaw.com
RACHEL E. LINZY (*pro hac vice*)
REL@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189

Attorneys for Defendants
KELLOGG BROWN & ROOT, LLC;
MOLYCORP, INC.

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

DAVID L. TOTTEN, an individual, and all others similarly situated,
Plaintiffs

v.

KELLOGG BROWN & ROOT, LLC; MOLYCORP, INC.; and DOES 1 through 100,
Defendants.

Case No.: 5:14-cv-01766-DMG-DTBx

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION OF INDIVIDUAL AND DISMISS CLASS AND REPRESENTATIVE CLAIMS**

Hon. Dolly Gee
Date: December 5, 2014
Time: 9:30 a.m.
Crtrm: Spring Street, Ct. Rm. 7

[*Supplemental Declaration of Randy Bynum and Response to Plaintiff's Objections to Declaration of Bynum filed concurrently herewith*]

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. LEGAL ARGUMENT .......... 2

A. The Undisputed Evidence Establishes Plaintiff Assented to the .......... 2

1. Plaintiff Admits He Signed an Agreement to Be Bound by .......... 2

2. The Record Evidence Establishes that Plaintiff Had Access to the Complete DRP When He Agreed to Be Bound by It. .......... 3

3. Plaintiff's Purported Failure to Read the DRP Does Not Void His Contractual Obligation to Abide by It. .......... 4

B. The Terms of the DRP Are Fair, Valid, and Binding under California Contract Law. .......... 5

1. As Plaintiff Acknowledged He Read and Agreed to the DRP, It Is Not Procedurally Unconscionable. .......... 6

2. As the DRP Is Mutually Binding and Affords Same Court Remedies, It Is Not Substantively Unconscionable .......... 7

a. The DRP Contains a Mutual Promise to Arbitrate. .......... 8

b. KBR's Ability to Modify Is Prospective Only - Which Is Permitted by the Prevailing Law. .......... 9

c. The DRP Provides Plaintiff with More Relief Than Available in Court .......... 10

d. Should the Court Find Any Provision of the DRP Unconscionable, the Offending Provision Should Be Severed and the Remainder of the DRP Enforced. .......... 12

C. The Class Action Waiver Is Clearly Permitted under United States Supreme Court Precedent. .......... 12

D. Pursuant to Concepcion, the Representative Action Waiver in the .......... 14

III. CONCLUSION .......... 16

# TABLE OF AUTHORITIES

## CASES

24 Hour Fitness, Inc. v. Superior Court, 66 Cal. App. 4th 1199 (Cal. App. 1st Dist. 1998) .......... 5, 9, 10

Abeyrama v. J.P. Morgan Chase Bank, CV12-00445, 2012 WL 2393063 C.D. Cal. June 22, 2012) .......... 5

Akhavein v. Argent Mortgage Co., No. 5:09-CV-00634 RMW, 2009 WL 3706822, at *2 (N.D. Cal. Nov. 4, 2009) .......... 4

Am. Exp. Co. v. Italian Colors Rest., 133 S. Ct. 2304 (2013) .......... 14

Armendariz v. Found Health Psychcare Servs., Inc., 24 Cal. 4th 83 (2000) .......... 7

AT&T Mobility LLC v. Concepcion, 131 S.Ct. 1740 (2011) .......... 12, 13, 14, 15

Brookwood v. Bank of America, 45 Cal.App.4th 1667 (1996) .......... 4

Brown v. DIRECTV, LLC, No. CV 12-08382, 2013 WL 3273811(C.D. Cal. June 16, 2013) .......... 6

Casey v. Proctor, 59 Cal.2d 97 (1963) .......... 4

CompuCredit Corp. v. Greenwood, 132 S. Ct. 665 (2012) .......... 14

Fardig v. Hobby Lobby Stores, Inc., 14-00561 (C.D. Cal. Aug. 11, 2014) .......... 15

Fitz v. NCR Corp., 188 Cal. App. 4th 702 (Cal. App. 4th Dist. 2004) .......... 9

Ford Motor Co. v. Pearson, 40 F.2d 858 (9th Cir. 1930) .......... 4

Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991) .......... 6

Grabowski v. Robinson, 817 F. Supp. 2d 1159 (S.D. Cal. 2011) .......... 12

Hernandez v. Badger Constr. Equip. Co., 28 Cal.App.4th 1791(1994) .......... 4

Horton, Inc. v. NLRB, 737 F.3d 344, (5th Cir. 2013) .......... 13

Howard v. Octagon, Inc., 13-1111, 2013 WL 5122191 (N.D. Cal. Sept. 13, 2013) .......... 12

Iskanian v. CLS Transportation Los Angeles, LLC, 327 P.3d 29 Cal. Rptr. 3d 289 (2014) .......... 13, 14, 15

Jackson v. TIC – The Indus. Co., 1:13-cv-02088, 2014 WL 1232215 (E.D. Cal. Mar. 24, 2014)) .......... 6

James G. Freeman & Associates, Inc. v. Tanner,
56 Cal. App. 3d 1 (1976) .......... 9
Langston v. 20/20 Companies,
14-1360 (C.D. Cal. Oct. 17, 2014) .......... 16
Marmet Health Care Ctr., Inc. v. Brown,
132 S. Ct. 1201 (2012) .......... 14
Miguel v. JP Morgan Chase Bank, N.A.,
12-3308, 213 WL 452418 (C.D. Cal. Feb. 5, 2013) .......... 9, 13, 15
Morgan v. Xerox Corp.,
2:13-CV-00409, 2013 WL 2151656 (E.D. Cal. May 16, 2013) .......... 6, 9, 10
Murphy Oil USA, Inc. and Sheila M. Hobson,
361 NLRB No. 72 (Oct. 28, 2014) .......... 13, 14
Murphy v. DirecTV, Inc.,
724 F.3d 1218 (9th Cir. 2013) .......... 14
Ortiz v. Hobby Lobby Stores, Inc.,
2:13-CV-01619, 2014 WL 4961126 (E.D. Cal. Oct. 1, 2014) .......... 6, 13, 15
Owens v. Bristol Care, Inc.,
702 F.3d 1050 (8th Cir. 2013) .......... 13
Pokorny v. Quixtar, Inc.,
601 F.3d 987 (Cal. App. 4th 2010) .......... 7
Quevedo v. Macy's Inc.,
798 F.Supp.2d 1122 (C.D. Cal. 2011) .......... 15
Radcliffe v. Lowe's HIW, Inc.,
11-02517, 2011 WL 8001402 (C.D. Cal. June 30, 2011) .......... 15
Richards v. Ernst & Young, LLP,
744 F.3d 1072 (9th Cir. 2013) .......... 13
Sonic-Calabasas A, Inc v. Moreno,
51 Cal. 4th 659 (2011) .......... 5
Stewart v. Preston Pipeline Inc.,
134 Cal. App. 4th 1565 Cal. Rptr. 3d 901 (2005) .......... 4
Sutherland v. Ernst & Young LLP,
726 F.3d 290 (2d Cir. 2013) .......... 13
Uptown v. Tribilcock,
91 U.S. 45 (1875) .......... 4
Valazquez v. Sears, Roebuck & Co.,
13CV680, 2013 WL 4525581 (S.D. Cal. Aug. 26, 2013) .......... 15
Whitney Co. v. Johnson,
14 F.2d 24 (9th Cir. 1926) .......... 4
Wilson v. United Health Group, Inc.,
No. 2:12-01349, 2012 WL 6088318 (E.D. Cal. Dec. 6, 2012) .......... 10
Wolschlager v. Nat. Title Ins. Co.,
111 Cal. App. 4th 784 (2003) .......... 7

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Kellogg Brown & Root ("KBR") and MolyCorp, Inc ("MolyCorp") (collectively "Defendants"), respectfully submit this Reply Brief in support of their Motion to Compel Arbitration of Individual Claims and Dismiss Class and Representative Claims pursuant to the Federal Arbitration Act, 9 U.S.C. 1, et seq. ("FAA") and request that the Court compel Plaintiff David Totten ("Plaintiff" or "Totten") to honor his contractual agreement to arbitrate his employment-related disputes on an individual basis.

## I. INTRODUCTION

Defendants filed their motion to compel this matter to arbitration pursuant to the parties' signed and written agreement to arbitrate workplace disputes. Therein, Defendants established that KBR has a robust Dispute Resolution Program ("DRP") providing for final and binding arbitration of all legal disputes on an individual basis and that Plaintiff, through his signature and continued employment, agreed to arbitrate all workplace disputes solely on an individual basis pursuant to the DRP.

Plaintiff does not dispute that he signed an agreement to be bound by the DRP and arbitrate his employment-related claims. Instead, Plaintiff's Opposition attempts to argue that his assent to the DRP is not valid because he did not review a copy of the DRP when he signed the agreement to be bound by it. However, he offers no evidence that a copy of the DRP was not available for his review either at his orientation or during his employment. In fact, the full DRP was available at the orientation location, at Plaintiff's worksite, and on KBR's intranet during Plaintiff's entire employment. Plaintiff's purported failure to review the DRP before he agreed to be bound by it (in direct contravention of his signed agreement that he did review it) is simply insufficient to negate his affirmative agreement.

Equally unavailing is Plaintiff's attempt to characterize the DRP as unconscionable. The indisputable facts, as established by the written DRP, show

that it creates a mutual obligation to arbitrate and is more than fair to employees as the costs of the arbitration are born almost entirely by KBR and the DRP provides Plaintiff with the same (and even better) remedies available in court.

Moreover, under United States Supreme Court and Ninth Circuit precedent the waiver of class and representative claims is valid and enforceable. Additionally, the NLRB has no jurisdiction or even persuasive authority in this matter before this Court.

As explained more fully below, Plaintiff's attempts to avoid his contractual obligation to arbitrate are completely without merit and unsupported by the undisputed facts. Therefore, Plaintiff's individual claims should be compelled to arbitration and his class and representative claims dismissed with prejudice.

## II. LEGAL ARGUMENT

### A. The Undisputed Evidence Establishes Plaintiff Assented to the DRP.

Plaintiff's argument that he is not bound by the DRP fail as he indisputably and expressly agreed to it in writing. Moreover, the record evidence shows that a complete copy of the DRP was available to him both when he signed his agreement and throughout his employment with KBR.

#### 1. Plaintiff Admits He Signed an Agreement to Be Bound by the DRP.

Plaintiff cannot and does not dispute that he signed an agreement to be bound by the DRP. In fact, in the Declaration submitted with his opposition brief, Plaintiff makes the following critical admission: "…***I signed this agreement*** [the KBR Dispute Resolution Agreement]…." (Totten Declaration, ¶5 (emphasis added); Dk. 23-1, pg. 3.) While later in his Declaration Plaintiff contradictorily states that he does not recall if he signed the agreement, he does not deny that it is his signature on the signed KBR Dispute Resolution Agreement attached to the Declaration of Randy Bynum -- a tacit admission that it is indeed his signature on the agreement.

### 2. The Record Evidence Establishes that Plaintiff Had Access to the Complete DRP When He Agreed to Be Bound by It.

As Plaintiff cannot and does not dispute that he actually signed the agreement to be bound by the DRP, he instead argues that his agreement is not valid because he did not receive or read the complete DRP before agreeing to be bound by it. The undisputable evidence, however, establishes that the DRP was available to Plaintiff when he agreed to be bound by it.

Importantly, Plaintiff's signed Dispute Resolution Agreement expressly states "***I have received and reviewed a copy of the KBR Dispute Resolution Plan and Rules, which are incorporated by reference***." (See Signed Agreement, Dk. 22-1, pg. 38, emphasis added.) It further states "I have also had an opportunity to ask any questions I may have about the KBR Dispute Resolution Program." Id. Thus, at the time Plaintiff signed the agreement to the DRP, he acknowledged that he had received and read a copy of it and could have asked questions about it.

Moreover, Plaintiff's Declaration offers absolutely no evidence that the DRP was not available for his review when he signed the agreement to be bound by it or during his employment. Rather, he simply states that he did not have "access" to it – conveniently parroting back the language from the Declaration of Randy Bynum. His statement is an obvious, self-serving characterization of the language in Bynum's Declaration and quite different than stating that the DRP was not available or that he could not have reviewed the DRP should he have actually desired to do so.

Conversely, the Declaration and Supplemental Declaration of Randy Bynum establish that a copy of the DRP was available during Plaintiff's orientation for his review. (Bynum Decl. ¶8; Bynum Supplemental Decl. ¶7.) Furthermore, these Declarations establish that the full DRP was at all times available on KBR's intranet, which all employees, including Plaintiff, have full access to during their employment with the company. (Bynum Supplemental Decl. ¶9.)

### 3. Plaintiff's Purported Failure to Read the DRP Does Not Void His Contractual Obligation to Abide by It.

Under the well established law governing contracts, Plaintiff is bound by his signed agreement to the DRP regardless of whether he actually read or reviewed the DRP. "A person may not enter into a contract, and when called upon to respond to its obligations, say he did not read it when he signed it, or did not know what it contained." Uptown v. Tribilcock, 91 U.S. 45, 50, 23 L.Ed. 203, 205 (1875).[1] Indeed, under California contract law, a party may not rescind a signed agreement on the basis that he did not agree or was mistaken to its terms. Stewart v. Preston Pipeline Inc., 134 Cal. App. 4th 1565, 1589, 36 Cal. Rptr. 3d 901, 921 (2005). To the contrary, California authorities demonstrate that a contracting party is not entitled to relief based upon his failure to read or understand the contract, even an arbitration agreement, when he signed it. See, e.g., Casey v. Proctor, 59 Cal.2d 97, 104–105 (1963) (failure to read release, or if it was read, to understand that it extended to personal injury as well as property damage claims, was "neglect of a legal duty" under Civ.Code, § 1577, precluding rescission); Brookwood v. Bank of America, 45 Cal.App.4th 1667, 1674 (1996) (employee bound by contractual arbitration provision contained in larger contract irrespective of whether she was aware of it when she signed contract); Hernandez v. Badger Constr. Equip. Co., 28 Cal.App.4th 1791, 1816–1817 (1994) (unilateral mistake concerning absence of

[1] See also Ford Motor Co. v. Pearson, 40 F.2d 858, 867 (9th Cir. 1930) ("It is a fundamental rule that a person in possession of all his faculties, who signs an instrument for the purpose of giving effect thereto, cannot evade the consequences of the document by merely neglecting to read it."); Whitney Co. v. Johnson, 14 F.2d 24, 25-26 (9th Cir. 1926) ("A written contract is the highest evidence of the terms of an agreement between the parties to it, and it is the duty of every contracting party to learn and know its contents before he signs and delivers it. He owes this duty to the other party to the contract, because the latter may, and probably will, pay his money and shape his action in reliance upon the agreement. He owes it to the public, which, as a matter of public policy, treats the written contract as a conclusive answer to the question, what was the agreement? If one can read his contract, his failure to do so is such gross negligence that it will estop him from denying it…"); Akhavein v. Argent Mortgage Co., No. 5:09-CV-00634 RMW, 2009 WL 3706822, at *2 (N.D. Cal. Nov. 4, 2009) ("Every contracting party has the duty "to learn and know the contents of a contract before he signs and delivers it. Generally, ignorance of the contents of an instrument which a party voluntarily executes is not sufficient ground for setting it aside.")

requirement to name lessor as additional insured due to lessee's failure to read equipment lease did not justify relief); 24 Hour Fitness, Inc. v. Superior Court, 66 Cal. App. 4th 1199, 1215 (Cal. App. 1st Dist. 1998) ("[A] party cannot use his own lack of diligence to avoid an arbitration agreement."). "[O]ne who assents to a writing is presumed to know its contents and cannot escape being bound by its terms merely by contending that he did not read them; ***his assent is deemed to cover unknown as well as known terms***." See Rest. 2d Contracts, § 157, com. b, p. 417 (emphasis added).

If, in fact, Plaintiff did not read or review the DRP despite signing an agreement which affirmatively stated that he both received and reviewed a copy of it, his dereliction of duty in no way impacts the enforceability of his agreement to the DRP. Moreover, Plaintiff fails to cite to any legal authority to support his argument that he should not be bound to the arbitration agreement because he claims he did not read or receive a copy of the DRP. Therefore, based upon his signed agreement to be bound by the DRP, Plaintiff is obligated to pursue his claims against Defendants in arbitration on an individual basis and not in court or on a class or representative basis.

### B. The Terms of the DRP Are Fair, Valid, and Binding under California Contract Law.

Plaintiff also attempts invalidate his signed agreement to the DRP by incorrectly asserting that the DRP is both procedurally and substantively unconscionable. Under California law, "the doctrine of unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." Abeyrama v. J.P. Morgan Chase Bank, CV12-00445, 2012 WL 2393063 C.D. Cal. June 22, 2012) (Hon. Gee) (citing Sonic-Calabasas A, Inc v. Moreno, 51 Cal. 4th 659, 685 (2011)). ***Both elements must be present for the agreement to be unenforceable.*** Id. Plaintiff cannot show the DRP is either.

**1. As Plaintiff Acknowledged He Read and Agreed to the DRP, It Is Not Procedurally Unconscionable.**

Plaintiff argues that the DRP is procedurally unconscionable because he was required to agree to arbitration as a condition of his employment and because he was not provided with a copy of the complete DRP at the time he signed the agreement to be bound by it. Plaintiff's arguments are without merit.

First, "Plaintiff's contention that [he] was not able to negotiate the agreement does not render it procedurally unconscionable." Morgan v. Xerox Corp., 2:13-CV-00409, 2013 WL 2151656, at *3-4 (E.D. Cal. May 16, 2013); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33 (1991) ("Mere inequality in bargaining power… is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context."); but see, Brown v. DIRECTV, LLC, No. CV 12-08382, 2013 WL 3273811, at *9 (C.D. Cal. June 16, 2013).[2]

Similarly, Plaintiff's claim that he did not receive a copy of the DRP when he signed the agreement to be bound by it is inconsequential. "When a party signs a document agreeing that he/she has read the arbitration agreement, the burden shifts to them to demonstrate they did not agree to arbitrate." Ortiz v. Hobby Lobby Stores, Inc., 2:13-CV-01619, 2014 WL 4961126, at *5 (E.D. Cal. Oct. 1, 2014) (citing Jackson v. TIC – The Indus. Co., 1:13-cv-02088, 2014 WL 1232215, at *5 (E.D. Cal. Mar. 24, 2014)). Here, Plaintiff has not demonstrated that he did not agree to arbitrate. In fact, he admits that he signed the agreement to arbitrate, which specifically states he received and reviewed a copy of the DRP. In the face of this admission and Plaintiff's undisputed signature on the DRP Agreement, merely asserting that he did not have a copy of the complete DRP does not demonstrate that he did not agree to arbitration. Morgan, at *3-4 (finding no procedural unconscionability where the rules of arbitration where not provided

---

[2] In Brown, the Court found the subject arbitration agreement contained a "low degree of procedural unconscionability" based upon the take it or leave it nature of the agreement. As such, the plaintiff was required to make a substantial showing of substantive unconscionablity to render agreement unenforceable.

where plaintiff signed an acceptance form referencing the rules).[3] Thus, Plaintiff fails to establish any procedural unconscionability and should be compelled to honor his contractual agreement to arbitrate.[4]

**2. As the DRP Is Mutually Binding and Affords Same Court Remedies, It Is Not Substantively Unconscionable.**

Even if Plaintiff were able to establish procedural unconscionability, which Defendants dispute, he must still be compelled to arbitrate his claims pursuant to the DRP as the DRP is not substantively unconscionable. Substantive unconscionability looks to the fairness of the provisions of the arbitration agreement. See Pokorny v. Quixtar, Inc., 601 F.3d 987, 997 (Cal. App. 4th 2010). The inquiry focuses on whether the actual provisions of the arbitration plan are "one-sided and will have an overly harsh effect on the disadvantaged party." Id. ***The inquiry does not look to any surprise related to the terms of the arbitration agreement.*** Moreover, "[a] mandatory employment arbitration agreement is enforceable if it: "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." Armendariz v. Found Health Psychcare Servs., Inc., 24 Cal. 4th 83, 102 (2000).

Plaintiff does not dispute that KBR's DRP complies with the first four factors enunciated in Armendariz. Rather, he focuses his argument on the final factor. Specifically, Plaintiff asserts that the DRP unfairly allocates costs to employees based upon an incorrect reading of the DRP's provisions regarding attorney's fees and the fact that, as in court, the costs of discovery are borne by the party

[3] See also, Ortiz, at *6 (noting rules of arbitral forum were easily accessible on internet); Wolschlager v. Nat. Title Ins. Co., 111 Cal. App. 4th 784, 791 (2003) (noting that arbitration rules were incorporated by reference and could be easily located).

[4] In the event the Court should determine that any procedural unconscionability exists, Defendants aver that it would be minimal and, therefore, a significant level of substantive unconscionability would need to exist in order to invalidate Plaintiff's agreement to arbitrate.

requesting the discovery at issue.[5] He also falsely asserts that the DRP does not equally apply to KBR, resulting in substantive unconscionability.

As discussed in more detail below, KBR's DRP is not substantively unconscionable because it mandates that both KBR and employees arbitrate their employment-related claims and complies with the requirements of Armendariz. Therefore, it is binding and enforceable as a matter of law.

**a. The DRP Contains a Mutual Promise to Arbitrate.**

Plaintiff's claim that the DRP is not mutual is based upon an incorrect assertion that the DRP does not bind KBR to arbitrate claims against employees. The indisputable language of the DRP, however, makes it clear that KBR is equally obligated to arbitrate its disputes with employees. In fact, the mutual obligation to arbitrate is expressed in multiple places throughout the DRP, including, but not limited to, the following provisions:

- "The Plan is designed to provide a program for the quick, fair, accessible, and inexpensive resolution of ***all Disputes***, as defined hereafter, ***between the Company and the Company's present and former Employees and Applicants for employment***… (DRP, pg 1, §1 (emphasis added); Dk. 22-1, pg. 6.)
- "Dispute" means ***all legal and equitable claims***, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute or regulation, or some other law, ***between persons bound by the Plan and a person or entity otherwise entitled to its benefits***…" (DRP, pg 2, §2E (emphasis added); Dk. 22-1, pg. 7.)
- "[T]his Plan applies to and ***binds the Company***, each Employee and Applicant…"(DRP, pg 4, §3B (emphasis added); Dk. 22-1, pg. 9.).

In fact, ***nowhere in the DRP does KBR reserve for itself the right to retain the ability to bring suit against an employee in a judicial forum while restricting the employee to the arbitration forum.*** There is simply ***no basis*** for Plaintiff's bald and unsupported assertion that the DRP does not apply to KBR.[6]

---

[5] However, KBR would note that its DRP complies with these provisions. See DRP Rule 4, pg 12 (regarding neutral arbitrator), Dk. 22-1, pg 17; DRP Rule 10, pg 15-16 (regarding discovery), Dk. 22-1, pg 20-21; DRP Rule 26, pg 20 (requiring a written award), Dk. 22-1, pg 25; and DRP §8B, pg 8 (providing that the arbitrator has the authority to order any and all relief a party could obtain in court), Dk. 22-1, pg 13.

[6] Plaintiff attempts to circumvent the clear language of the DRP by arguing that the Court

In sum, the mutuality requirement is met because the DRP requires both KBR and Plaintiff to bring all claims in arbitration. Fitz v. NCR Corp., 188 Cal. App. 4th 702, 723 (Cal. App. 4th Dist. 2004). Thus, Plaintiff's argument is utterly without foundation.

**b. KBR's Ability to Modify Is Prospective Only - Which Is Permitted by the Prevailing Law.**

Equally foundationless is Plaintiff's argument that the DRP is illusory and unconscionable because it allows KBR to modify it after providing 30 days' notice to current employees. It is a matter of well-settled law that arbitration agreements which allow a party to prospectively modify them are enforceable and not illusory. See 24 Hour Fitness, Inc., 66 Cal. App. 4th at 1214 (finding ability to modify an agreement with 30 days' written notice is not illusory); James G. Freeman & Associates, Inc. v. Tanner, 56 Cal. App. 3d 1, 10 (1976) (finding contract not illusory where modifications were prospective); Miguel v. JP Morgan Chase Bank, N.A., 12-3308, 213 WL 452418, *6 (C.D. Cal. Feb. 5, 2013) (enforcing arbitration agreement with modification provision allowing modification with 30 days' notice).

Illustrative in this matter is the Eastern District's recent holding in Morgan v. Xerox Corp. 2013 WL 2151656. There, the court addressed a substantially similar amendment provision - the employer could amend the arbitration plan after providing ***ten days'*** notice to ***current employees*** and amendments did not apply to disputes for which a proceeding had already been ***initiated***. Morgan, at *5. The Morgan court found no unconscionability in the amendment provision because it only allowed amendments with notice and amendments would not apply retroactively to current disputes. Id. Similarly, here, KBR's DRP only allows the

should only look at his signed KBR Dispute Resolution Agreement, not the DRP itself. He bases this argument on his claim that he did not have access to the DRP when he agreed to be bound by it. Such argument is flawed on its face as substantive unconscionability looks to the actual provisions of the arbitration plan that will be applied, not any alleged surprise related to its terms. Surprise related to the terms of the DRP is a matter related to procedural unconscionability. Moreover, as discussed *supra*, Plaintiff's signed agreement states that he did receive a copy of the DRP, the DRP was indisputably available, and he has not met his burden of demonstrating that he did not agree to the DRP.

employer to amend the plan after providing 30 days' notice to current employees and only allows amendments to apply to disputes which are initiated after the effective date of the amendment. (KBR DRP §8, pg. 7, Dk. 22-1, pg. 12.) Therefore, as in Morgan, the amendment provision in KBR's DRP does not render it illusory or unconscionable.[7]

Moreover, even if KBR possessed the unilateral right to modify the agreement without notice, which it does not, the DRP is still valid if KBR acts fairly and in good faith because, under California law, the exercise of the discretionary power to modify the terms of an agreement is subject to the duty to exercise it in good faith and in accordance with fair dealings. 24 Hour Fitness, Inc., 66 Cal. App. 4th at 1214. Thus, where the plaintiff has not alleged that the defendant altered the agreement in bad faith or in any unfair manner, as is the case in the current dispute, a modification provision does not render a contract illusory. Wilson v. United Health Group, Inc., No. 2:12-01349, 2012 WL 6088318, *9 (E.D. Cal. Dec. 6, 2012); 24 Hour Fitness, at 1214.

**c. The DRP Provides Plaintiff with More Relief Than Available in Court.**

Plaintiff next asserts that the DRP is unconscionable because it does not provide a prevailing plaintiff with the same relief as available in court for the recovery of discovery costs and the award of attorney's fees. In so arguing, Plaintiff ignores the express language of the DRP.

Plaintiff first claims that the DRP provision regarding discovery costs (which provides that discovery costs be borne by the party initiating discovery) restricts a prevailing plaintiff from recovering the costs of discovery. This argument is patently ridiculous. First, ***the DRP's provision regarding discovery costs allocates***

[7] Defendant would note that none of the cases cited by Plaintiff for the proposition that KBR's amendment provision is illusory and/or unconscionable are mandatory authority and that the weight of the authority (as discussed above) including precedent directly on point with the facts and law at issue here, finds that an amendment provision such as the one in KBR's DRP is not illusory or unconscionable.

***discovery costs in the same manner that they are allocated in both state and federal court***. Thus, it is no more or less fair to the claimant than proceeding in court. Second, nowhere in the specific provision at issue, or, for that matter, in the DRP as a whole, does it state that a prevailing plaintiff cannot recover discovery costs. Rather, the DRP specifically provides the arbitrator with the authority to order the same relief as available in court:

> ***The substantive legal rights, remedies, and defenses of all Parties are preserved…the arbitrator shall have the authority… to order any and all relief, legal or equitable, including punitive damages, which a Party could obtain from a court of competent jurisdiction on the basis of the claims made in the proceeding.***

See DRP §8B (emphasis added); Dk. 22-1, pg. 13. Thus, if the claimant would be awarded discovery costs in court, pursuant to the clear language of the DRP, he would be awarded discovery costs in arbitration.

Plaintiff next asserts that the DRP permits the arbitrator to award attorney's fees to KBR even where the law does not permit a court to enter such an award. Once again, Plaintiff misleads the Court and ignores the clear language of the DRP. A full reading of the provision at issue makes it clear that ***the DRP permits the arbitrator to award attorney's fees to an employee, not KBR, even where the law does not provide for an award of fees***. The provision at issue reads as follows:

> Notwithstanding the provisions of the preceding subsection [which provides that the DRP should not be construed to grant additional rights or remedies than available in court], in any proceeding before an arbitrator, the arbitrator, in the arbitrator's discretion, **may allow a prevailing *Employee or Applicant* a reasonable attorney's fee as part of the award.** The discretion to allow an award of fees under this subsection is **in addition to any discretion, right or power which the arbitrator may have under applicable law.** However, any award of fees shall be reduced by any amounts which have been or will be paid by the KBR Employee Legal Consultation Plan.[8]

See DRP §8D (emphasis added). Thus, under the express language of the DRP, Plaintiff, not KBR, can obtain an award for attorney's fees in arbitration

[8] Under KBR's Legal Consultation Plan, KBR pays up to $2,500 a year for an employee to consult an attorney when the employee is pursuing a claim pursuant to the DRP. (See Supplemental Decl. of Bynum, ¶9.)

even when he would not be able to obtain such an award in court.

**d. Should the Court Find Any Provision of the DRP Unconscionable, the Offending Provision Should Be Severed and the Remainder of the DRP Enforced.**

California law allows a court to sever any unconscionable provisions for an arbitration agreement so long as they are "merely collateral to the main purpose of the arbitration agreement." See Grabowski v. Robinson, 817 F. Supp. 2d 1159, 1179 (S.D. Cal. 2011). For instance, in Howard v. Octagon, Inc., 13-1111, 2013 WL 5122191 (N.D. Cal. Sept. 13, 2013), the Northern District Court severed two provisions that it found substantively unconscionable (including a provision regarding attorney's fees and one regarding injunctions) from an arbitration agreement and enforced the remainder of the agreement. In enforcing the arbitration agreement, the court found that "the central purpose of the agreement [was] not tainted with illegality," and that the provisions could be easily severed from it. Id. at *16-17. Similarly, here, should the Court find any of the provisions to which Plaintiff objects unconscionable, the provision can easily be severed from the remainder of the agreement.

Accordingly, and as has been found by other courts in this circuit, KBR's DRP is enforceable and is neither procedurally nor substantively unconscionable. If, however, should the prospective modification provision or payment of fees by KBR be somehow considered unfair or unconscionable, the Court is able to strike such provisions and Plaintiff would still proceed in arbitration.

**C. The Class Action Waiver Is Clearly Permitted under United States Supreme Court Precedent.**

In the face of the clear enforceability of the DRP pursuant to United States Supreme Court precedent,[9] Plaintiff incredibly argues that the DRP's class action waiver is unenforceable because it conflicts with an employee's right to concerted action under the National Labor Relations Act ("NLRA").[10] In so arguing, Plaintiff

---

[9] See AT&T Mobility LLC v. Concepcion, 131 S.Ct. 1740 (2011).

[10] Although not directly addressed here, Defendants expressly reserve their arguments and

relies upon the National Labor Relations Board's ("NLRB") recent decision in Murphy Oil USA, Inc. and Sheila M. Hobson, 361 NLRB No. 72 (Oct. 28, 2014), despite ***the fact that the NLRB's decision is not binding on this Court and is directly contrary to mandatory authority from this country's highest court*** regarding the enforceability of class action waivers. See Concepcion, 131 S.Ct. 1740 (2011).

Federal courts have overwhelmingly rejected the NLRB's reasoning, found that class action waivers in arbitration agreements do not violate the NLRA, and held that the NLRB's reasoning conflicts with the Federal Arbitration Act ("FAA") and Supreme Court precedent. See D. R. Horton, Inc. v. NLRB, 737 F.3d 344, 362 (5th Cir. 2013) (rejecting NLRB decision that held class arbitration waivers violate the NLRA); Sutherland v. Ernst & Young LLP, 726 F.3d 290, 297-298 fn. 8 (2d Cir. 2013) (finding unpersuasive the NLRB decision holding class arbitration waivers are a violation of the NLRA); Owens v. Bristol Care, Inc., 702 F.3d 1050, 1053-1054 (8th Cir. 2013) (same); Ortiz, 2014 WL 4961126, at *8; Miguel, 2013 WL 452418, at *9.[11] Moreover, the California Supreme Court has endorsed the Fifth Circuit's position in D.R. Horton, finding that a provision prohibiting class arbitrations did not violate the NLRA. See Iskanian v. CLS Transportation Los Angeles, LLC, 327 P.3d 29, 137-143,173 Cal. Rptr. 3d 289, 299-305 (2014).

As well stated by the dissent in Murphy Oil, the NLRB's decision is no more than an improper example of "a Federal agency refusing to follow the clear instructions of our nation's Supreme Court on the interpretation of [the NLRA]…and compounding that error by rejecting the Supreme Court's clear instructions on how to interpret the Federal Arbitration Act…." Murphy Oil, 361

briefly note that Plaintiff does not have standing under the NLRA which extends protections solely to employees as he is not currently employed by Defendants, he is out of time as he did not dispute the DRP within six months of signing it, and he asserts no concerted activity.

[11] In a Ninth Circuit decision, the court declined to address an argument predicated on the same reasoning applied by the NLRB in Murphy Oil because it was untimely raised, but noted other courts' disagreement with the Board's rationale. Richards v. Ernst & Young, LLP, 744 F.3d 1072, 1975 & fn. 3 (9th Cir. 2013) (as amended).

NLRB No. 72 (Johnson dissent). This Court has no obligation to adopt the NLRB's decision in Murphy Oil. Conversely, however, it is obligated to comply with the mandate of the United States Supreme Court and enforce the class arbitration waiver at issue in this matter. Thus, the Court should find that Plaintiff cannot proceed on a class basis and dismiss his class claims.

### D. Pursuant to Concepcion, the Representative Action Waiver in the DRP Is Enforceable, and Plaintiff Must Assert His PAGA Claims on an Individual Basis in Arbitration.

Plaintiff's final argument that the DRP is unenforceable asserts that it is against public policy because it prohibits Plaintiff from filing a representative PAGA claim in arbitration in violation of the California Supreme Court's holding in Iskanian, 59 Cal. 4th 348 (2014). In essence, Plaintiff argues that the private right to pursue class action remedies is distinct from the public, statutory right created by PAGA, which allows private citizens to seek civil penalties for Labor Code violations that otherwise would be pursued by labor law enforcement agencies. The United States Supreme Court, however, holds that state rules that prohibit class action waivers are preempted by the FAA. See Concepcion, at 1751; Am. Exp. Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2312 (2013); Marmet Health Care Ctr., Inc. v. Brown, 132 S. Ct. 1201, 1203-04 (2012); CompuCredit Corp. v. Greenwood, 132 S. Ct. 665, 673 (2012). Therefore, Plaintiff's argument is without merit.

***Both the Supreme Court and Ninth Circuit have upheld representative action waivers in arbitration agreements as valid and enforceable.*** See Concepcion, at 1751 (enforcing arbitration agreement specifically including a waiver of "representative proceeding"); Murphy v. DirecTV, Inc., 724 F.3d 1218, 1228 (9th Cir. 2013) (holding arbitration agreement providing that "[n]either you nor we shall be entitled to join or consolidate claims in arbitration by or against other individuals or entities, or arbitrate any claim as a representative member of a class or in a private attorney general capacity" was enforceable under FAA). Id.

Further, the vast majority of federal district courts in California have found that representative action and PAGA waivers are valid and enforceable. See Valazquez v. Sears, Roebuck & Co., 13CV680, 2013 WL 4525581, *6 (S.D. Cal. Aug. 26, 2013) (under Concepcion a class action, collection action, and PAGA waiver did not render arbitration agreement unconscionable); Miguel, 2013 WL 452418, at *10 (individual PAGA claims are arbitrable and representative PAGA action could not proceed in federal court pursuant to representative action waiver); Radcliffe v. Lowe's HIW, Inc., 11-02517, 2011 WL 8001402, *10 (C.D. Cal. June 30, 2011) (PAGA representative action waiver was enforceable and party could waive claims under PAGA because PAGA does not create substantive statutory rights). These decisions all concluded that Concepcion applies equally to waivers of PAGA representative actions because, like class claims, they would "make for a slower, more costly process" and "increase [] risks to defendants' by aggregating the claims of many employees." Quevedo v. Macy's Inc., 798 F.Supp.2d 1122, 1142 (C.D. Cal. 2011).

Moreover, since the California Supreme Court's Iskanian decision was rendered, ***three federal district courts in California have rebuffed the California Supreme Court's holding***, concluding that the state's rule against PAGA representative waivers is preempted by the FAA. Fardig v. Hobby Lobby Stores, Inc., 14-00561, *6 (C.D. Cal. Aug. 11, 2014) (Hon. J. Selna);[12] Ortiz, 2014 WL 4961126, at *10 (E.D. Cal. Oct. 1, 2014) (Hon. T. Nunley);[13] Langston v. 20/20

[12] Just ten days before the Iskanian case was decided, the Central District Court found that a representative PAGA action waiver was enforceable "because concluding otherwise would undermine the FAA's policy of favoring the arbitration of claims." Fardig, 2014 WL 2810025, at *6. After the Iskanian court issued its decision, the plaintiffs in Fardig asked the court to reconsider its order. Fardig v. Hobby Lobby Stores, Inc., 14-00561 (C.D. Cal. Aug. 11, 2014) (Civil Minutes, Plaintiff's Motion for Reconsideration). The court denied the motion, explaining that Iskanian was only persuasive, not binding authority and that it did not believe it erred in holding that the rule against representative PAGA waivers was preempted. Id.

[13] The Eastern District Court concluded that a representative PAGA action waiver was enforceable and that "a rule stating otherwise is preempted by the FAA and Concepcion." Ortiz, *11.

Companies, 14-1360 (C.D. Cal. Oct. 17, 2014) (Hon. J. Bernal).[14] Therefore, KBR's DRP is not unconscionable for containing a representative action waiver and is enforceable with respect to all of Plaintiff's claims, including his PAGA claims. As a result, Defendants request that the court enter an order compelling Plaintiff to pursue his PAGA claims on an individual basis in arbitration and dismissing his representative claims.

## III. CONCLUSION

For the reasons stated above and in Defendants' motion, Plaintiff's individual claims should be compelled to arbitration and his class and representative claims should be dismissed in accordance with the Parties' contractual agreement.

[14] In Langston, the Central District Court again addressed the enforceability of PAGA representative waivers in the wake of the California Supreme Court's decision in Iskanian and again concluded that the waiver was enforceable and California's rule to the contrary was preempted by the FAA. Langston, *8 ("Although California courts control the interpretation of California statutes, such as PAGA, the role of interpreting federal statutes, like the FAA, is left to federal courts.").

Dated: November 21, 2014

By: /s/ Karen Pazzani

KAREN PAZZANI, SBN 252133
kjp@millerlawgroup.com
**MILLER LAW GROUP**
12121 Wilshire Blvd., Suite 1375
Los Angeles, CA 90025
Telephone: 310.943.8500
Facsimile: 310.943.8501

SAMUEL ZURIK III (*pro hac vice*)
SZ@kullmanlaw.com
RACHEL E. LINZY (*pro hac vice*)
REL@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189

Attorneys for Defendants
KELLOGG BROWN & ROOT, LLC;
MOLYCORP, INC.