HOLLY R. LAKE, SBN 204304
hlake@millerlawgroup.com
**MILLER LAW GROUP**
12121 Wilshire Blvd., Suite 1375
Los Angeles, CA 90025
Telephone: 310.943.8500
Facsimile: 310.943.8501

SAMUEL ZURIK III (*pro hac vice*)
SZ@kullmanlaw.com
RACHEL E. LINZY (*pro hac vice*)
REL@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

DAVID L. TOTTEN, an individual, and all others similarly situated,
Plaintiffs

v.

KELLOGG BROWN & ROOT, LLC; MOLYCORP, INC.; and DOES 1 through 100,
Defendants.

Case No.: 5:14-cv-01766-DMG-DTBx

**DEFENDANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Assigned to: Hon. Dolly M. Gee
Crtrm: Spring Street, Ct. Rm. 7

Defendants Kellogg Brown & Root ("KBR") and MolyCorp, Inc. ("MolyCorp") (collectively "Defendants"), respectfully submit this Response to Plaintiff's Notice of Supplemental Authority. [Doc. No. 30.]

On September 25, 2014, Defendants submitted a Motion to Compel Arbitration of Individual Claims and Dismiss Class and Representative Claims ("motion") pursuant to the Federal Arbitration Act, 9 U.S.C. 1, et seq. ("FAA"). [Doc. No. 22.] In their motion, Defendants argued *inter alia* that Plaintiff's representative PAGA claim should be (1) dismissed and compelled to arbitration pursuant to the parties' contractual agreement <u>or</u> (2) stayed pending resolution of Plaintiff's individual arbitration, as the individual arbitration could result in the final and binding dismissal of some or all of Plaintiff's claims, thus rendering him an inappropriate PAGA representative. Plaintiff opposed Defendants' motion and argued that the California Supreme Court's holding in <u>CLS Transportation Los Angeles v. Iskanian</u>, 59 Cal. 4th 348 (2014), rendered his waiver of representative actions unenforceable. [Doc. No. 23.]

On January 20, 2015, the United States Supreme Court denied certiorari of CLS Transportation's appeal of the California Supreme Court's holding in <u>Iskanian</u>. That denial is the basis of Plaintiff's Notice of Supplemental Authority [Doc. No. 30] but does not provide sufficient cause to deny Defendants' Motion for the following reasons.

## I. California Federal Courts Have Repeatedly Held that the FAA Preempts State Law Regarding Waivers of PAGA Claims.

Since the California Supreme Court rendered its decision in <u>Iskanian</u>, ***six separate federal district judges*** in California have ruled on whether waivers of representative claims in arbitration agreements are enforceable as to PAGA claims. ***Each time***, citing federal and U.S. Supreme Court precedent, those courts have ***rebuffed*** the California Supreme Court's holding and compelled PAGA claims to

arbitration, concluding that the FAA trumps and arbitration agreements containing representative action waivers are enforceable according to their terms. See, e.g. Lucero v. Sears Holdings Management Corp., No. 14-cv-1620, 2014 WL 6984220, *4 (S.D. Cal. Dec. 2, 2014) (Hon. A. Battaglia) (holding the FAA preempts a California rule against arbitration agreements that waive the right to bring representative PAGA claims); Mill v. KMart Corp., No. 14-cv-02749, 2014 WL 6706017 (N.D. Cal. Nov. 26, 2014) (Hon. Westmore) (same); Langston v. 20/20 Companies, No. 14-cv-1360, 2014 WL 533734 (C.D. Cal. Oct. 17, 2014) (Hon. J. Bernal) (same); Chico v. Hilton Worldwide, No. 14-cv-05750, 2014 WL 5088240 (C.D. Cal. Oct. 7, 2014) (Hon. Walter) (same); Ortiz v. Hobby Lobby Stores, Inc., No. 2:13-cv-1619, 2014 WL 4961126 (E.D. Cal. Oct. 1, 2014) (Hon. T. Nunley) (same); Fardig v. Hobby Lobby Stores, Inc., No. 14-00561, 2014 WL 4782618 (C.D. Cal. Aug. 11, 2014) (Hon. J. Selna) (same).[1]

The key thread running through each of the six rulings that dismiss the California Supreme Court's Iskanian representative PAGA claim holding is that federal courts are not bound by a state court's interpretation of federal law. See, e.g., Lucero at *4 (citing Einardt v. Stone, No. C-96-2111, 1996 WL 532114, at *5 (N.D. Cal. Sept. 16, 1996)). Rather, federal courts must examine for themselves whether the state ruling is consistent with the structure and purpose of federal law. Thus, the question of whether the FAA preempts a state law holding that PAGA representative waivers are unenforceable is one for the federal courts, not the state courts, to decide. And, ***all of the federal courts directly addressing this issue hold that the FAA preempts and representative action waivers are enforceable according to their terms, and compelling PAGA claims to arbitration*** pursuant to the clear instructions from the highest court regarding liberal arbitration policies.

[1] *But see*, Martinez v. Leslie's Poolmart, Inc., No. 8:14-cv-01481, 2014 WL 5604974 (C.D. Cal. Nov. 3, 2014) (Hon. Snyder) (noting, in dicta, that Iskanian suggests the FAA did not preempt state law prohibiting PAGA waivers.)

Thus, Plaintiff's PAGA claims are subject to dismissal, and Plaintiff should be compelled to arbitrate them on an individual basis.

Notably, the U.S. Supreme Court's denial of certiorari does not approve of the Iskanian holding, nor does it overrule the federal decisions. Brown v. Allen, 344 U.S. 443, 490-92 (1953); Maryland v. Baltimore Radio Show, 338 U.S. 912, 917-19 (1950). The federal courts have laid out, in clear and unmistakable terms, how Iskanian's federal preemption holding is incorrect and not binding on this Court. These decisions are persuasive authority especially as the issue concerns the scope and application of federal law.

## II. In the Alternative, Plaintiff's PAGA Claims Should Be Stayed Pending Resolution of His Individual Claims.

Plaintiff's Notice of Supplemental Authority incorrectly implies that the Iskanian appeal was Defendants' sole argument that Plaintiff's PAGA claims should be stayed. In fact, Defendants also argued that the PAGA claims should be stayed pending resolution of the individual arbitration, as the individual arbitration could result in final and binding dismissal of some or all of Plaintiff's claims. Final and binding dismissal of Plaintiff's individual claims would render Plaintiff an inappropriate PAGA representative. As noted in Defendants' motion, concurrent resolution of the individual claims in arbitration and the PAGA representative claims in court risks inconsistent holdings and judicial inefficiency. Thus, should

//

//

//

//

//

the Court determine that representative PAGA claims are not subject to arbitration, Plaintiff's PAGA representative claims should be stayed until his individual claims are resolved in arbitration.

Dated: January 21, 2015

By: /s/ Holly R. Lake
HOLLY R. LAKE, SBN 204304
hlake@millerlawgroup.com
**MILLER LAW GROUP**
12121 Wilshire Blvd., Suite 1375
Los Angeles, CA 90025
Telephone: 310.943.8500
Facsimile: 310.943.8501

SAMUEL ZURIK III (*pro hac vice*)
SZ@kullmanlaw.com
RACHEL E. LINZY (*pro hac vice*)
REL@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189

Attorneys for Defendants
KELLOGG BROWN & ROOT, LLC;
MOLYCORP, INC.

4810-4863-3121, v. 1