HOLLY R. LAKE (SBN 204304)
hlake@millerlawgroup.com
**MILLER LAW GROUP**
12121 Wilshire Blvd., Suite 1375
Los Angeles, CA 90025
Telephone: (310) 943-8500
Facsimile: (310) 943-8501

SAMUEL ZURIK III (*pro hac vice*)
sz@kullmanlaw.com
RACHEL E. LINZY (*pro hac vice*)
rel@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189

Attorneys for Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| DAVID L. TOTTEN, an individual, and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>KELLOGG BROWN & ROOT, LLC, a Delaware Corporation; MOLYCORP, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:14-cv-01766-DMG-DTBx<br><br>Hon. Dolly M. Gee<br><br>Dept. Courtroom 7<br><br>**DEFENDANT KBR'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Complaint filed: June 16, 2014<br>First Amended Complaint Filed: July 22, 2014 |

Defendant Kellogg Brown & Root ("KBR") respectfully submits this Notice of Supplemental Authority in response to Plaintiff's fourth Notice of Supplemental Authorities [Doc. 45]. KBR recognizes that the Court is well-informed and well aware of current precedential and persuasive authority and does not intend to

submit any further Notices with additional decisions unless the Court should request such. KBR only responds here because Plaintiff's latest Notice conspicuously omits the appellate court decisions which reversed the agency decisions he cites and to note the recent Supreme Court decision reiterating the well-established rule that state law (specifically, California state law) does not invalidate class action arbitration waivers.

## I. The Fifth Circuit's Overruling of D.R. Horton Remains the Law in the Federal Courts on the NLRB's Attempts to Revoke the FAA.

In his most recent Notice, Plaintiff supplemented with NLRB rulings following the NLRB decisions in *Murphy Oil USA, Inc.* and *D.R. Horton, Inc.* ***without*** noting that both of these decisions were ***reversed*** by the federal appellate courts. *Murphy Oil USA, Inc. v. N.L.R.B.*, No. 14-60800, 2015 WL 6457613, at *7 (5th Cir. Oct. 26, 2015) (attached as Exhibit A); *D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344 (5th Cir. 2013). The prevailing view of federal appellate courts, recently repeated by the Fifth Circuit in *Murphy Oil*, but noticeably absent from Plaintiff's Notice, rejects the NLRB's contention and holds that class arbitration waivers are valid and enforceable and do not violate the NLRA's protected, concerted activity. *Id.* at *7. *See also Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1336 (11th Cir. 2014), cert. denied, 134 S.Ct. 2886 (2014); *D.R. Horton*, 737 F.3d 344; *Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1075 and n.3 (9th Cir. 2013), cert. denied, 135 S.Ct. 355 (2014) (noting other courts' disagreement with the NLRB's rationale in *Murphy Oil*); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297-98, n.8 (2d Cir. 2013); *Owens v. Bristol Care, Inc.*, 702 F.3d 1050, 1053-54 (8th Cir. 2013). Thus, not only are NLRB's recent rulings contrary to United States Supreme Court precedent and federal law (and additionally of no precedential authority for a federal court), the federal appellate courts have repeatedly rejected the NLRB's contention that class action waivers in arbitration agreements violate the National Labor Relations Act's rule regarding protected, concerted activity.

## II. The United States Supreme Court Recently Reiterated that Federal Policy Favors Arbitration and that Arbitration Clauses Containing Class Action Waivers Are Enforceable.

Just two days ago, the United States Supreme Court reversed a decision by the California Court of Appeals denying a motion to compel arbitration and again held that California law invalidating class action arbitration waivers has been and remains preempted by the Federal Arbitration Act ("FAA"). *DIRECTV v. Imburgia*, No. 14-462, 2015 WL 8546242 (Dec. 14, 2015) (attached as Exhibit B). The Supreme Court thus restated that the "judges of every State must follow [the FAA]," and held that the subject parties' arbitration agreement, which included a class action waiver, is enforceable. *Id.*

Dated: December 17, 2015

By: */s/ Holly R. Lake*

HOLLY R. LAKE (SBN 204304)
hlake@millerlawgroup.com
**MILLER LAW GROUP**
12121 Wilshire Blvd., Suite 1375
Los Angeles, CA 90025
Telephone: (310) 943-8500
Facsimile: (310) 943-8501

SAMUEL ZURIK III (*pro hac vice*)
sz@kullmanlaw.com
RACHEL E. LINZY (*pro hac vice*)
rel@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189

**Attorneys for Defendants**