HOLLY R. LAKE (SBN 204304)
hlake@millerlawgroup.com
**MILLER LAW GROUP**
12121 Wilshire Blvd., Suite 1375
Los Angeles, CA 90025
Telephone: (310) 943-8500
Facsimile: (310) 943-8501

SAMUEL ZURIK III (*pro hac vice*)
SZ@kullmanlaw.com
RACHEL E. LINZY (*pro hac vice*)
REL@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| DAVID L. TOTTEN, an individual, and all others similarly situated,<br>Plaintiffs<br><br>v.<br><br>KELLOGG BROWN & ROOT, LLC; MOLYCORP, INC.; and DOES 1 through 100,<br>Defendants. | Case No.: 5:14-cv-01766-DMG-DTBx<br><br>Hon. Dolly Gee<br><br>Dept. Courtroom 7<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**<br><br>Complaint filed: June 16, 2014<br><br>First Amended Complaint filed: July 22, 2014 |

NOW COMES Defendants Kellogg Root & Brown, LLC ("KBR") and Molycorp Inc. ("Molycorp") (collectively "Defendants"), who respond to Plaintiff's First Amended Complaint ("Complaint" or "FAC") as follows:

## ANSWER TO COMPLAINT

While no response is required to the first, unnumbered paragraph of the FAC, Defendants admit that Plaintiff has filed this action but deny that he is entitled to

any relief or entitled to bring this action as a class or representative action.

## I. INTRODUCTION

To the extent that a response is required to the section of the FAC labeled "I. Introduction," Defendants deny the substance of the Introduction and deny that Plaintiff is entitled to bring this action as a class or representative action.

## II. THE PARTIES

1. Defendants admit that Plaintiff was employed by KBR as a rigging foreman and that he performed work at the Molycorp facility in Mountain Pass, California, from January 2012 to June 2013. Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 1 of the Plaintiffs' FAC and, therefore, deny the same.

2. Defendants admit that KBR is a Delaware corporation. Defendants deny the remaining allegations contained in Paragraph 2 of the FAC, including any conclusions of law that Defendants are not required to admit or deny.

3. Defendants admit that Molycorp is a Delaware corporation. Defendants deny the remaining allegations contained in Paragraph 3 of the FAC, including any conclusions of law that Defendants are not required to admit or deny.

4. Defendants deny the allegations contained in Paragraph 4 of the FAC for lack of sufficient information to justify a belief therein.

5. Defendants admit that KBR conducted business in the state of California and that it employed Plaintiff in California between January 2012 and June 2013. Defendants lack sufficient knowledge to admit or deny the allegations regarding Does 51 through 65 and, therefore, deny the same. Defendants deny the remaining allegations in Paragraph 5 of the FAC.

6. Defendants admit that Molycorp does business in the state of California. Defendants lack sufficient knowledge to admit or deny the allegations regarding Does 66 through 80 and, therefore, deny the same. Defendants deny the remaining allegations in Paragraph 6 of the FAC.

7. Defendants admit that Plaintiff has brought this action and named a number of Does as putative Defendants. Defendants deny or lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 7 of the FAC and, therefore, deny the same.

8. Defendants admit that Plaintiff has brought this action and named a number of Does as putative Defendants. Defendants deny or lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 8 of the FAC and, therefore, deny the same.

9. Paragraph 9 of Plaintiffs' FAC states conclusions of law that Defendants are not required to admit or deny; however, out of an abundance of caution, Defendants deny all of Plaintiff's allegations contained in Paragraph 9 of the FAC.

10. Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' FAC.

11. Paragraph 11 of the FAC states conclusions of law that Defendants are not required to admit or deny; however, out of an abundance of caution, Defendants deny all of Plaintiff's allegations contained in Paragraph 11 of the FAC.

## III. JURISDICTION AND VENUE

12. Defendants do not contest subject matter or personal jurisdiction or venue; Defendants deny the remaining allegations in Paragraph 12 of the FAC, including to the extent the allegations contain legal conclusions that Defendants are not required to admit or deny. Defendants further deny any liability, deny the existence of a class or that class certification is appropriate, and deny that Plaintiff is entitled to any relief.

## IV. DESCRIPTION OF ILLEGAL PAY PRACTICES

13. The allegations in Paragraph 13 of the FAC state conclusions of law that Defendants are not required to admit or deny; however, out of an abundance of caution, Defendants deny Plaintiff's allegations. Defendants further assert that the

cited Wage Order speaks for itself; Defendants further deny any liability, deny the existence of a class or that class certification is appropriate, and deny that Plaintiff is entitled to any relief.

14. Paragraph 14 of the FAC states conclusions of law that Defendants are not required to admit or deny; however, out of an abundance of caution, Defendants deny all of Plaintiff's allegations.

15. Defendants deny the allegations in Paragraph 15 of the FAC.

16. Defendants admit that KBR employees worked more than eight hours some days. Defendants deny the remaining allegations in Paragraph 16 of the FAC.

17. Paragraph 17 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statutes speak for themselves; Defendants deny any liability under the cited statutes.

18. Paragraph 18 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statute and Wage Order speak for themselves; Defendants deny any liability under the cited statute and/or Wage Order.

19. Defendants deny the allegations in Paragraph 19 of the FAC.

20. Defendants deny the allegations in Paragraph 20 of the FAC.

21. Defendants deny the allegations in Paragraph 21 of the FAC.

22. Defendant denies the allegations in Paragraph 22 of the FAC.

23. Defendants deny the allegations in Paragraph 23 of the FAC.

24. Paragraph 24 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statute speaks for itself; Defendants deny any liability under the cited statute.

25. Defendant denies the allegations in Paragraph 25 of the FAC.

26. Paragraph 26 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statutes speak for themselves; Defendants deny any liability under the cited statutes.

27. Defendants deny the allegations in Paragraph 27 of the FAC.

## III (sic). CLASS ACTION ALLEGATIONS

28. Defendants admit that Plaintiff has filed this action, but deny that Plaintiff is entitled to any relief whatsoever. Defendants specifically deny the existence of the identified classes in Paragraph 28 of the FAC (sub-parts "A" through "F"), and aver that such classes are not appropriate and should not be certified.

29. Defendants deny that Plaintiff is entitled to any relief whatsoever. Defendants specifically deny the existence of the identified classes in Paragraph 29 of the FAC, deny the allegations in sub-parts "A" through "F," and aver that such classes are not appropriate and should not be certified.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY AT LEAST THE LEGAL MINIMUM WAGE RATE FOR ALL TIME WORKED, IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197
**(By the Minimum Wage Class against KBR, MCI, and Does 1-50, Inclusive)**

30. Defendants incorporate all of their previous paragraphs and denials.

31. Paragraph 31 of the FAC states conclusions of law that Defendants are not required to admit or deny; however, in an abundance of caution, Defendants deny the allegations. Defendants further assert that the cited statutes speak for themselves; Defendants deny any liability under the cited statutes and deny that Plaintiff and/or the putative class members are entitled to any relief under the statutes.

32. Paragraph 32 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statutes speak for themselves; Defendants deny any liability under the cited statutes and deny that Plaintiff and/or the putative class members are entitled to any relief under the statutes.

33. Defendants deny the allegations in Paragraph 33 of the FAC.

34. Defendants deny the allegations in Paragraph 34 of the FAC.

35. Defendants deny the allegations in Paragraph 35 of the FAC.

36. Defendants admit that Plaintiff has filed this action, but deny that Plaintiff and/or the putative class members are entitled to any relief. Defendants further deny the existence of a class or that class certification is appropriate and, therefore, denies the remaining allegations in Paragraph 36 of the FAC.

37. Defendants deny the allegations in Paragraph 37 of the FAC.

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 510, 1194 AND 1198**
**(By the Overtime Class Against KBR, MCI, and Does 1-50)**

38. Defendants incorporate all of their previous paragraphs and denials.

39. Paragraph 39 of the FAC states conclusions of law that Defendants are not required to admit or deny; however, in an abundance of caution, Defendants deny the allegations. Defendants further assert that the cited statutes and Wage Order speak for themselves; Defendants deny any liability under the cited statutes and/or Wage Order and deny that Plaintiff and/or the putative class members are entitled to any relief under the statutes.

40. Paragraph 40 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statutes and/or Wage Order speak for themselves; Defendants deny any liability under the cited statutes and deny that Plaintiff and/or the putative class members are entitled to any relief under the statutes.

41. Paragraph 41 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statute speaks for itself; Defendants deny any liability under the cited statute and deny that Plaintiff and/or the putative class members are entitled to any relief under the statute.

42. Paragraph 42 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statutes and

Wage Order speak for themselves; Defendants deny any liability under the cited statutes and/or Wage Order and deny that Plaintiff and/or the putative class members are entitled to any relief under the statutes and Wage Order.

43. Defendants deny the allegations in Paragraph 43 of the FAC.

44. Defendants admit that Plaintiff has filed this action, but deny that Plaintiff and/or the putative class members are entitled to any relief. Defendants further deny the existence of a class or that class certification is appropriate and, therefore, deny the remaining allegations in Paragraph 44 of the FAC.

45. Defendants deny the allegations in Paragraph 45 of the FAC.

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE SECOND MEAL PERIODS, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 512 AND 226.7 AND THE WAGE ORDER**
**(By the Second Meal Period Class Against KBR, MCI, and Does 1-50)**

46. Defendants incorporate all of their previous paragraphs and denials.

47. Paragraph 47 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statutes and Wage Order speak for themselves; Defendants deny any liability under the cited statutes and/or Wage Order and deny that Plaintiff and/or the putative class members are entitled to any relief under the statutes and Wage Order.

48. Paragraph 48 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statutes, Wage Order, and caselaw speak for themselves; Defendants deny any liability under the cited statutes, Wage Order, and/or caselaw and deny that Plaintiff and/or the putative class members are entitled to any relief under the statutes, Wage Order, and caselaw.

49. Defendants deny the allegations in Paragraph 49 of the FAC.

50. Defendants deny the allegations in Paragraph 50 of the FAC.

51. Defendants deny the allegations in Paragraph 51 of the FAC.

52. Defendants deny the allegations in Paragraph 52 of the FAC.

53. Defendants deny the allegations in Paragraph 53 of the FAC.

54. Defendants deny the allegations in Paragraph 54 of the FAC.

55. Defendants admit that Plaintiff has filed this action, but deny that Plaintiff and/or the putative class members are entitled to any relief. Defendants further deny the existence of a class or that class certification is appropriate and, therefore, denies the remaining allegations in Paragraph 55 of the FAC.

56. Defendants deny the allegations in Paragraph 56 of the FAC.

**FOURTH CAUSE OF ACTION**
**FAILURE TO COMPLETE AND ACCURATE WAGE STATEMENTS, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 226**
**(By the Wage Statement Class Against KBR, MCI, and Does 1-50)**

57. Defendants incorporate all of their previous paragraphs and denials.

58. Paragraph 58 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statute speaks for itself; Defendants deny any liability under the cited statute and deny that Plaintiff and/or the putative class members are entitled to any relief under the statute.

59. Paragraph 59 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statute speaks for itself; Defendants deny any liability under the cited statute and deny that Plaintiff and/or the putative class members are entitled to any relief under the statute.

60. Defendants deny the allegations in Paragraph 60 of the FAC.

61. Defendants deny the allegations in Paragraph 61 of the FAC.

62. Defendants deny the allegations in Paragraph 62 of the FAC.

63. Paragraph 63 of the FAC states conclusions of law that Defendants are not required to admit or deny; out of an abundance of caution, Defendants deny Plaintiff's allegations. Defendants further assert that the cited statute speaks for itself; Defendants deny any liability under the cited statute and deny that Plaintiff

and/or the putative class members are entitled to any relief under the statute. Defendants further deny the existence of a class or that class certification is appropriate.

64. Paragraph 64 of the FAC states conclusions of law that Defendants are not required to admit or deny; out of an abundance of caution, Defendants deny Plaintiff's allegations and deny that Plaintiff is entitled to any relief. Defendants further assert that the cited statutes speak for themselves; Defendants deny any liability under the cited statutes and deny that Plaintiff and/or the putative class members are entitled to any relief under the statutes. Defendants further deny the existence of a class or that class certification is appropriate.

65. Defendants deny the allegations in Paragraph 65 of the FAC.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT, IN VIOLATION OF LABOR CODE SECTIONS 201 AND 202**
**(By the Waiting Time Class Against KBR, MCI, and Does 1-50)**

66. Defendants incorporate all of their previous paragraphs and denials.

67. Paragraph 67 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statutes speak for themselves; Defendants deny any liability under the cited statutes or that Plaintiff is entitled to any relief under the statutes.

68. Paragraph 68 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statutes speak for themselves; Defendants deny any liability under the cited statutes and deny that Plaintiff is entitled to any relief under the statutes.

69. Defendants deny the allegations in Paragraph 69 of the FAC.

70. Defendants deny the allegations in Paragraph 70 of the FAC.

71. Paragraph 71 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statutes speak for themselves; Defendants deny any liability under the cited statutes and deny that

Plaintiff and/or the putative class members are entitled to any relief under the statutes. Defendants further deny the existence of a class or that class certification is appropriate.

72. Paragraph 72 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statute speaks for itself; Defendants deny any liability under the cited statute and deny that Plaintiff and/or the putative class members are entitled to any relief under the statutes. Defendants further deny the existence of a class or that class certification is appropriate.

73. Defendants deny the allegations in Paragraph 73 of the FAC.

74. Defendants deny the allegations in Paragraph 74 of the FAC.

75. Defendants deny the allegations in Paragraph 75 of the FAC.

**SIXTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq*.**
**(By the California Class Against All Defendants)**

76. Defendants incorporate all of their previous paragraphs and denials.

77. Paragraph 77 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statutes speak for themselves; Defendants deny any liability under the cited statutes or that Plaintiff is entitled to any relief under the statutes.

78. Paragraph 78 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statute speaks for itself; Defendants deny any liability under the cited statute and deny that Plaintiff and/or the putative class members are entitled to any relief under the statutes. Defendants further deny the existence of a class or that class certification is appropriate.

79. Paragraph 79 of the FAC states conclusions of law that Defendants are not required to admit or deny. Defendants further assert that the cited statute speaks

for itself; Defendants deny any liability under the cited statute and deny that Plaintiff and/or the putative class members are entitled to any relief under the statutes. Defendants further deny the existence of a class or that class certification is appropriate.

**SEVENTH CAUSE OF ACTION**
**CIVIL PENALTIES PURSUANT TO THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR CODE SECTION 2698, *et seq*.**
**(By the California Class Against All Defendants)**

80. Defendants incorporate all of their previous paragraphs and denials.

81. Defendants deny the allegations in Paragraph 81 of the FAC.

82. Defendants deny the allegations in Paragraph 82 of the FAC, including sub-parts "A" through "H," and additionally respond to sub-part F by stating that that the statute cited therein speaks for itself and no response from Defendants is required. Defendants further additionally respond to sub-part H by stating that it contains conclusions of law that Defendants are not required to admit or deny, although in an abundance of caution Defendants deny the allegations stated therein.

83. Defendants deny the allegations in Paragraph 83 of the FAC, including sub-parts "a" through "h." Defendants further deny that Plaintiff is entitled to any relief requested.

84. Defendants deny the allegations in Paragraph 84 of the FAC.

**PRAYER FOR RELIEF**

85. Defendants deny that Plaintiff is entitled to represent any class, deny that certification of any class is appropriate, and deny that Plaintiff is entitled to any of the relief sought in the "Prayer for Relief" that appears after Paragraph 84 of the FAC, including the relief sought "On the First, Third, Fourth, Fifth, and Sixth Causes of Action," the relief sought "On the First Cause of Action," the relief sought "On the Second Cause of Action," the relief sought "On the Third Cause of Action," the relief sought "On the Fourth Cause of Action," the relief sought "On

the Fifth Cause of Action," the relief sought "On the Sixth Cause of Action," and the relief sought "On the Seventh Cause of Action."

86. Defendants deny any allegations in the FAC not specifically admitted in this Answer.

**AFFIRMATIVE OR OTHER DEFENSES**

Continuing with their Answer, the Defendants next assert the following affirmative or other defenses:

1. Plaintiff and the putative class members' claims are subject to an arbitration agreement, enforceable under the Federal Arbitration Act, that requires all individual claims asserted in this lawsuit be settled by final and binding arbitration and bars all class and representative claims.

2. Plaintiff and some or all of the putative class members have failed to state a claim upon which relief can be granted.

3. Some or all of the activities that Plaintiff alleges are compensable are not compensable activities.

4. Some or all of Plaintiff's claims and/or the putative class members' claims are barred by the applicable statute of limitations and/or laches.

5. The Defendants did not violate, and/or made reasonable, good-faith efforts to comply with, and not violate, any and all relevant laws and Wage Orders; any alleged violations of law or Wage Orders were not willful; and the Defendants acted in good faith, with reasonable grounds for believing that their actions or inactions or omissions were not in violation of any law or Wage Orders.

6. This action should not and cannot be certified or maintained as a class action.

7. A class action is not appropriate because there are dissimilar individual questions of liability and damages that predominate over common questions of fact and law; requirements of numerosity, commonality and typicality cannot be satisfied; adequate representation cannot be and has not been established; and/or a

class action is not superior to other available methods for fairly and efficiently adjudicating this matter.

8. Plaintiff lacks standing to bring one or more of his own claims and/or the claims of the putative class. Further, Plaintiff's claims cannot be properly joined with those of other members of the putative class.

9. Some or all of Plaintiff's claims conflict with those of other putative class members.

10. Plaintiff and the putative class members have suffered no injury or damages; in the alternative, the Plaintiff and the putative class are entitled to only one satisfaction for any allegedly unlawful action or omission.

11. The Plaintiff and the putative class members have failed to take adequate steps to mitigate their damages. Alternatively, Defendants are entitled to a set off and/or credit for any amounts earned in mitigation or that were paid and unearned.

12. Although the Defendants deny that they have violated any law or Wage Order, any alleged violation was *de minimis*.

13. Some or all of Plaintiffs' claims and/or the putative class' claims are barred by the doctrines of waiver, unclean hands, justification, ratification, acquiesce, consent, unjust enrichment, estoppel, and/or res judicata.

14. Plaintiff and/or the putative class members have failed to exhaust his/their administrative remedies as to one or more claims.

15. Plaintiff and the putative class failed to utilize internal complaint procedures or otherwise avoid injury.

16. The Complaint, and each purported claim and/or cause of action contained therein, for alleged meal period violations fails, as a matter of law, to the extent Plaintiff and/or any of the putative class members were not entitled to meal periods pursuant to applicable law.

17. To the extent that Defendants are deemed to have failed to provide Plaintiff and/or any putative class members with requisite meal periods, no additional wage or penalty should be assessed because Defendants were ignorant of the purported fact that Plaintiff and/or any putative class members knowingly and willingly worked through meal periods to which they may have been entitled during the period at issue.

18. Plaintiffs are not entitled to a trial by jury of certain of their claims, including their claim under the California Business and Professions Code §§ 17200, et seq.

19. Defendants cannot be liable for any alleged violation of the Unfair Competition Law, California Business and Professions Code §§ 17200, *et seq.*, because their actions were not unfair, fraudulent, nor likely to mislead, and their conduct and dealings were lawful, as authorized by applicable state and federal statutes, rules, and regulations, and such actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

20. To the extent Plaintiff and/or any putative class members may prevail under more than one cause of action, Defendants assert the defense of election of remedies.

21. Plaintiff and/or members of the putative class are exempt employees under one or more of the exemptions provided for under applicable law.

22. Plaintiff's Complaint, and each purported claim and/or cause of action contained therein, is barred in whole or in part because Plaintiff and the putative class members were paid for all hours worked and/or otherwise received all wages, overtime wages, meal periods, premium pay, wage statements, and compensation to which they were entitled; Defendants satisfied all obligations owed to Plaintiff and the putative class members under the applicable law.

23. The Complaint, and each purported claim and/or cause of action contained therein, fails to state a cause or causes of action supporting a request for attorney's fees against Defendants.

24. Although Defendants deny that they committed or have responsibility for any act that could support recovery under California's Private Attorney General Act ("PAGA"), if and to the extent any such liability is found, recovery against Defendants under PAGA is unconstitutionally excessive and violates Defendants' due process rights.

25. The purported cause of action under the PAGA is barred to the extent private actions seeking PAGA penalties manifest an unlawful delegation of executive authority.

26. The purported cause of action under the PAGA is barred to the extent Plaintiff, and the individuals on whose behalf Plaintiff seeks relief, seek penalties beyond the "initial" violation as described in California Labor Code § 2699(f)(2).

27. The purported cause of action under the PAGA is barred to the extent it seeks to recover penalties on behalf of individuals who are not "aggrieved employees."

28. Plaintiff, and the individuals on whose behalf Plaintiff seeks relief, are not entitled to recovery of penalties under PAGA to the extent that such penalties are sought in addition to penalties for the same claims and such duplicative recovery is barred and constitutes unjust enrichment.

29. The FAC and each and every purported cause of action contained therein is barred to the extent Plaintiff, and any person on whose behalf relief is sought, failed to satisfy the notice and exhaustion requirements under the PAGA, and to the extent that they otherwise have failed to exhaust administrative remedies.

30. Some or all of the claims of Plaintiff and/or the putative class are barred by the principals of satisfaction and accord or release.

31. Defendants reserve the right to assert any additional affirmative defense or defenses that may be discovered during the course of additional investigation and discovery.

WHEREFORE, Defendants pray that this Answer and Affirmative Defenses be deemed good and sufficient; that judgment be entered in their favor after due proceedings, dismissing the Amended Complaint in its entirety and with prejudice; that Defendants be awarded all costs of litigation including reasonable attorneys' fees; and that Defendants be awarded any other relief to which the Court finds that they are entitled.

Respectfully submitted this 12th day of February, 2016.

By: */s/ Holly R. Lake*______________________

HOLLY R. LAKE (SBN 204304)
hlake@millerlawgroup.com
**MILLER LAW GROUP**
12121 Wilshire Blvd., Suite 1375
Los Angeles, CA 90025
Telephone: (310) 943-8500
Facsimile: (310) 943-8501

SAMUEL ZURIK III (*pro hac vice*)
sz@kullmanlaw.com
RACHEL E. LINZY (*pro hac vice*)
rel@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
**Attorneys for Defendants**