UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. TOTTEN, et al.,<br>Plaintiff,<br>vs.<br>KELLOGG BROWN & ROOT, LLC,<br>Defendant. | Case No.: ED CV 14-1766-DMG (DTBx)<br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff's unopposed Motion for Preliminary Approval of Class Action Settlement came on for hearing on July 28, 2017. The Court has considered the Stipulation Re: Settlement of Class Action ("Stipulation") (and its exhibits), the submissions of counsel, and all other papers filed in this action. The matter having been submitted and good cause appearing therefor, the Court finds as follows:

1. All defined terms contained herein shall have the same meaning as set forth in the Stipulation executed by the Parties and filed with this Court.
2. The parties, through their counsel of record in the Litigation and per the terms of the Stipulation, have reached an agreement to resolve the Litigation and settle all Released Claims.
3. The Court has reviewed the Stipulation and preliminarily finds that the Stipulation is meets the requirements under Federal Rule of Civil Procedure 23(e), and the Court therefore grants preliminary approval of the terms of the Stipulation.
4. The Court finds that, for the purpose of approving this settlement only and for no other purpose and with no other effect, the proposed Class meets the requirements for certification as a class action under Rule 23 of the Federal Rules of Civil Procedure.
5. For purposes of preliminarily approving this settlement only, this Court finds and concludes that: (a) the Members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among Members of the Class with respect to the subject matter of the Litigation; (c) the claims of the Class Representative are typical of the claims of the Members of the Class; (d) the Class Representative has fairly and adequately protected the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) Class

Counsel are qualified to serve as counsel for the plaintiff in his individual and representative capacities and for the Class.

6. The Court has reviewed the plan to provide Notice to the Members of the proposed Class. Including the edits suggested by the Court, the proposed Notice and Claim Form describe the essential terms of the Stipulation; disclose the distribution to be made; provide information on attorneys' fees and costs; and indicate the time and place of the Final Approval or Settlement Hearing.

7. Notice is to be mailed to Class Members by First Class U.S. Mail. The Claims Administrator will run a skip trace for any mailed notices returned to the Claims Administrator as non-delivered and notice will be resent to the alternate address, if found. In the event that a Class Member has not submitted some form of written response to the Class Notice by the date that is fourteen (14) days and thirty (30) days before the Notice Response Deadline, the Claims Administrator will send that Class Member a follow-up text message and a follow-up postcard, respectively, in accordance with the provisions of the Stipulation.

8. This direct, individual notice is reasonable given that the Settlement Class is composed of Defendant KBR's former employees. Members of the Settlement Class will have sixty (60) calendar days from the initial mailing of the Settlement Notice within which to complete and postmark their Settlement Claim Form for return to the Claims Administrator or opt-out or object to the Stipulation of Settlement. The proposed Settlement Notice and notice plan are the best practicable notice under the facts and circumstances of this Litigation. The Proposed Notice and Claim form, with the edits suggested by the Court, are hereby approved.

Good cause appearing therefor, IT IS HEREBY ORDERED that:

1. The Court grants preliminary approval of the parties' Stipulation. The Settlement appears to be sufficiently fair, adequate, and

reasonable for the Court to allow its consideration by Class Members.

2. The Settlement falls within the range of reasonableness and, notwithstanding the concerns expressed by the Court at the preliminary approval hearing and in its July 13, 2017 Order, appears to be presumptively valid, subject only to any objections that may be raised at the Settlement Hearing and to final approval by this Court after considering any objections, the claims rate, and other factors relevant to a finding of reasonableness.

**3.** A Settlement Hearing on the question of whether the proposed Settlement, attorneys' fees and costs to Class Counsel, and the Class Representative Enhancement Award should be finally approved as fair, reasonable, and adequate as to the members of the Class is scheduled for **December 15, 2017 at 10:00 a.m.**

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class is provisionally certified as a class action for purposes of settlement only, and the Stipulation is preliminarily approved.

5. This Court confirms Plaintiff David L. Totten as Class Representative and Lee R. Feldman and Leonard H. Sansanowicz of Feldman Browne Olivares, A Professional Corporation, as Class Counsel.

6. This Court approves, as to form and content, the Notice re: Pendency of Class Action and Settlement ("Notice") in substantially the form attached to the Supplemental Declaration of Leonard Sansanowicz ("Supplemental Declaration") at Exhibit 13, including the edits suggested by the Court at the hearing. This Court also approves the proposed Change of Address Form for Class Members, in substantially the form attached to the Notice as Form A. This

Court further approves the proposed Claim Form Class Members will use to claim their proportional share of the settlement proceed, in substantially the form attached to the Supplemental Declaration.

7. The Notice shall be provided to all Settlement Class Members in accordance with the applicable provisions in the Stipulation. This Court finds the dates selected for the mailing and distribution of the Notice, as set forth in the Stipulation, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8. The parties have agreed that: (a) Class Counsel shall be entitled to reasonable attorneys' fees in the amount of $937,500.00; Class Counsel shall be entitled to litigation costs and associated expenses in the amount of $21,500.00; (c) Plaintiff David L. Totten shall be entitled to an enhancement award in the amount of $20,000.00; and (d) $100,000 shall be allocated to civil penalties under the California Labor Code Private Attorneys General Act of 2004, $75,000 of which shall be paid to the California Labor and Workforce Development Agency and $25,000 of which shall be part of the Maximum Settlement Portion that is distributed to Participating Claimants. The Court preliminarily finds that these agreements are fair and reasonable.

9. This Court confirms Rust Consulting, Inc. as the Claims Administrator.

10. By no later than **August 13, 2017**, Defendant Kellogg Brown & Root, LLC shall provide the Claims Administrator with the Database Report. The Claims Administrator shall take all measures called for in the Stipulation to compile and prepare the Notice.

11. By no later than **August 27, 2017**, the Claims Administrator shall mail the Notice to members of the Settlement Class.
12. By no later than **September 10, 2017**, the Claims Administrator shall send out reminder text messages.
13. By no later than **September 26, 2017**, the Claims Administrator shall send out reminder postcards.
14. By no later than **October 5, 2017**, Class Counsel shall file its motion for attorneys' fees and post it on the Claims Administrator's informational website.
15. By no later than **October 13, 2017**, if the parties cannot agree to additional mechanisms to enhance the distribution of notice about the Settlement to Class members, the parties shall submit a joint status report to the Court regarding the claims rate to date.
16. Class Members shall have until **October 26, 2017** to submit a Claim Form, a Request for Exclusion, or an objection to the settlement.
17. The Court will conduct a Settlement Hearing on **December 15, 2017** at 10:00 a.m. to determine: (1) whether the proposed Stipulation of Settlement is fair, reasonable, and adequate and should be finally approved by the Court, including consideration of any timely filed objections; (2) the amount of attorneys' fees and costs to award to Class Counsel; and (3) the amount of the Class Representative Enhancement to award to Plaintiff as the Class Representative.
18. Plaintiff's motion for final approval of the Stipulation of Settlement shall be filed on or before **November 24, 2017** on shortened notice for hearing on December 15, 2017 at 10:00 a.m.

//

19. No later than **December 5, 2017**, Class Counsel shall provide the Court the Claims Administrator's declaration of due diligence and proof of mailing, as provided for in the Stipulation.

**IT IS SO ORDERED**.

DATED: July 28, 2017

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE