UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. TOTTEN, an individual, and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KELLOGG BROWN & ROOT, LLC; et al.,<br><br>　　　　　Defendants. | CASE NO.:<br>ED CV 14-1766-DMG (DTBx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES [123, 125]** |

On December 15, 2017, the Court held a hearing upon the motion of Plaintiff David L. Totten for final approval of the settlement set forth in the Amended Stipulation Re: Settlement of Class Action ("Stipulation") [Doc. # 114-1]. Due and adequate notice having been given to the Class as required in this Court's Order Granting Preliminary Approval, and the Court, having considered the Stipulation in the Litigation, all papers filed and proceedings held herein, and the parties' representations made at the hearing, and having conducted an inquiry pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the reasons stated on the record and good cause appearing for issuance of this Order,

IT IS HEREBY ORDERED AS FOLLOWS:

1. All terms used herein shall have the same meaning as defined in the Stipulation. In particular:

   A. Consistent with the definitions in the Stipulation, the term "Class Member" is hereby defined to include a Person who is a member of the collective group of Persons who were employed at any point during the Class Period by Defendant in California in a Covered Position at the Molycorp Mountain Pass rare earth facility, 67750 Bailey Road, Mountain Pass, CA 92366.

   B. For purposes of the Stipulation, this Order, and the Judgment, the term "Class Period" means the period from June 16, 2010 through and including July 28, 2017.

   C. The term "Plaintiff" means David L. Totten.

   D. The term "Defendant" or "KBR" means Kellogg Brown & Root, LLC.

   E. The term "Defendant Releasees" means Defendant and each of its parents, affiliates, subsidiaries, predecessors, successors, divisions, joint venturers, attorneys, actual or alleged joint employers, and assigns, including without limitation MolyCorp, Inc., and each of these

entities' past or present owners, directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, employee benefit plans, employee benefit plan trustees, fiduciaries, and administrators, and personal or legal representatives.

F. The term "Class Counsel" means Lee R. Feldman and Leonard H. Sansanowicz of Feldman Browne Olivares, A Professional Corporation.

G. The term "Claims Administrator" means the third-party claims administration firm of Rust Consulting, Inc.

H. The term "Maximum Settlement Amount" means the maximum gross amount that Defendant shall pay under the terms of the Stipulation, which is $3,750,000, to Participating Class Members, Plaintiff, Class Counsel, the Claims Administrator, and the Labor and Workforce Development Agency.

I. The term "Participating Claimants" or "Participating Class Members" means all Settlement Class Members who submit a Qualifying Claim Form, as defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Parties to this Litigation, including all Class Members.

3. The Claims Administrator distributed the Notice to Class Members under the terms set forth in the Stipulation and in complete conformity with this Court's Order Granting Preliminary Approval, including individual notice to all Class Members who could be identified through reasonable effort, and as otherwise set forth in the Stipulation. The Notice provided due and adequate notice of the proceedings and the matters set forth therein, including the Stipulation, to persons entitled to such Notice, and the Notice fully satisfied the requirements of due

process. All Class Members and all Released Claims (as defined in the Stipulation) are within the scope of this Order and the accompanying Judgment.

4.	The Court finds that the Stipulation was entered into in good faith, and that Plaintiff and Class Counsel have satisfied the standards and applicable requirements for final approval of this class action settlement.

5.	Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court grants final approval of the Stipulation and finds the Stipulation is, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Stipulation according to its terms. The Court finds that the Stipulation has been reached as a result of intensive, serious, and non-collusive arm's-length negotiations, and after agreement to a mediator's proposal. The Court further finds the Parties have conducted full and sufficient investigation, research, and discovery, and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds the Stipulation will avoid additional substantial costs, as well as avoid delay and risks attendant to further prosecution of the Litigation. The Court has reviewed the benefits that are being granted as part of the Stipulation and recognizes the significant value to the Class Members. The Court also finds the Class is properly certified as a class for settlement purposes only.

6.	The Court finds that David L. Totten is an adequate representative of the settlement Class and appoints him as such.

7.	The Court finds there were no objections to the Stipulation filed prior to or raised by any person on the record at the final approval hearing. In addition, the Court finds that there were no valid Requests for Exclusion from the Stipulation.

8.	As of the Effective Date (as that term is defined in the Stipulation), all Class Members, including the Named Plaintiff, release the Defendant Releasees from all Released Claims (as that term is defined in the Stipulation), except as to claims arising directly under the Fair Labor Standards Act of 1938 for Class

Members who do not become Participating Claimants, under the terms set forth in the Stipulation.

9. The Court finds the individual Settlement Sums due to each individual Participating Claimant to be fair and reasonable in light of all of the circumstances surrounding this Litigation. The Court, therefore, orders the calculations and payments to be made in accordance with the terms of the Stipulation.

10. The Court approves the enhancement award to Plaintiff in the amount of Twenty Thousand Dollars ($20,000) to be deducted and paid from the Maximum Settlement Amount as set forth in the Stipulation, and determines the award to be fair and reasonable.

11. The Court approves and orders payment of Seventy-Five Thousand Dollars ($75,000) to the State of California on behalf of the Defendant Releasees as the civil penalty under the California Labor Code Private Attorneys General Act of 2004, which is to be paid to the California Labor and Workforce Development Agency from the Maximum Settlement Amount as set forth in the Stipulation.

12. The Court finds that Lee R. Feldman and Leonard H. Sansanowicz of Feldman Browne Olivares, A Professional Corporation, have adequately represented the Class and therefore appoints them as Class Counsel in the Litigation. The Court finds that Mr. Feldman's requested rate of $850 per hour and Mr. Sansanowicz's requested rate of $550 per hour are fair and reasonable and within the accepted rates for attorneys of similar background and experience.

13. Pursuant to the terms of the Stipulation, and the authorities, evidence, and argument submitted by Class Counsel, the Court awards Class Counsel attorneys' fees in the amount of Nine-Hundred Thirty-Seven Thousand Five Hundred Dollars ($937,500), and costs in the amount of Twenty-One Thousand One Hundred Sixty-Eight and 62/100 Dollars ($21,168.62), to be paid from the Maximum Settlement Amount as final payment for and complete satisfaction of all

attorneys' fees and costs incurred by and/or owed to Class Counsel, as set forth in the Stipulation.

14. The Court approves and orders payment of claims administration costs of Thirty Thousand and No/100 Dollars ($30,000) to Rust Consulting, Inc., to be paid from Maximum Settlement Amount as set forth in the Stipulation.

15. Defendant shall pay the Claims Administrator the necessary funds for payment under the Stipulation to be deposited in the Qualified Settlement Fund established by the Claims Administrator no later than ten (10) days after the Effective Date in the Stipulation.

16. The Claims Administrator shall make all the above disbursements, as provided for in the Stipulation, no later than fifteen (15) days after the Effective Date in the Stipulation.

17. The Court reserves exclusive and continuing jurisdiction over this Litigation, the Class Representative, the Class, and Defendant for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Stipulation and accompanying Judgment.

**IT IS SO ORDERED.**

DATED: December 18, 2017

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE