JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. TOTTEN, an individual, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KELLOGG BROWN & ROOT, LLC, et al.,<br><br>Defendants. | CASE NO.:<br>ED CV 14-01766-DMG (DTBx)<br><br>**JUDGMENT** |

1    This matter came on for a hearing upon Plaintiff David L. Totten's motion
2    for approval of the settlement set forth in the Amended Stipulation Re: Settlement of
3    Class Action in this matter ("Stipulation") [Doc. # 114-1]. Due and adequate notice
4    having been given to the Class, and the Court having considered the Stipulation, all
5    papers filed and proceedings had herein, and the parties' representations made at the
6    hearing, and having reviewed the record in this litigation, and good cause appearing
7    for issuance of this order,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment, adopts all defined terms as set forth in the Stipulation filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation and the Class Representative, the Members of the Class, and Kellogg Brown & Root, LLC ("KBR").

3. The Court finds that the distribution of the Notice as provided for in the Order Granting Preliminary Approval constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of due process. Based on evidence and other material submitted in conjunction with the hearing, the notice to the Class was adequate. The Court further finds that KBR has satisfied the requirements of notice to pertinent government agencies set forth in the federal Class Action Fairness Act of 2005.

4. The Court finds that the Litigation presented a good faith dispute over the payment of wages.

5. The Court approves the settlement of the above-captioned action, as set forth in the Stipulation, including the releases and other terms set forth in the Stipulation, as fair, just, reasonable, and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation. The Settling Parties are to bear their own costs, except as otherwise

provided in the Stipulation.

6. Solely for purposes of effectuating this settlement, this Court has certified a class consisting of all Class Members, as that term is defined in the Stipulation, and the Court deems this definition sufficient for purposes of due process and Federal Rule of Civil Procedure 23.

7. For purposes of approving this settlement only, this Court finds and concludes that: (a) the Members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims of the Class Representative are typical of the claims of Class Members; (d) the Class Representative has fairly and adequately protected the interests of the Class Members; (e) common questions of law or fact predominate over any questions affecting individual class members; (f) a class action is superior to other available methods for an efficient adjudication of this controversy; and (e) Class Counsel are qualified to serve as counsel for the Plaintiff in his individual and representative capacities and for the Class.

8. By this Judgment, subject to the occurrence of the Effective Date as defined in the Stipulation, the Class Representative shall release, relinquish, and discharge, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims(as that term is defined in the Stipulation).

9. Neither the Settlement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability by the KBR Releasees or any of them; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the KBR Releasees or any of them in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. In the event that the Effective Date does not occur, KBR shall not be estopped or

otherwise precluded from contesting class action certification in the Litigation on any grounds. KBR may file the Stipulation and/or the Judgment from the Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The only Class Members entitled to payment pursuant to this Judgment are Participating Claimants. The funds associated with any checks that are not properly or timely negotiated within ninety (90) days from the date of mailing shall be deposited by the Claims Administrator into the State of California Department of Industrial Relations Unclaimed Wages Fund with the identity of the Participating Claimants to whom the funds belong. Participating Claimants who fail to negotiate their settlement checks in a timely fashion shall remain subject to the terms of this Judgment.

10. As contemplated by the Stipulation, Class Counsel have filed a motion for approval of certain fees, costs, and enhancement payments, and the Court has approved the following payments: (a) attorneys' fees payable to Class Counsel in this matter in the amount of $937,500; (b) allowable costs in this matter in the amount of $21,168.62, and (c) enhancement award of $20,000 to the Class Representative for expending significant time and effort assisting Class Counsel. The Court finds that such amounts, and KBR's agreement to pay such amounts, are fair and reasonable. KBR is directed to make such payments out of the Maximum Settlement Amount to be deposited in the Qualified Settlement Fund, through the Claims Administrator, in accordance with the terms of the Stipulation.

11. As further contemplated by the Stipulation, the claims administration costs of $30,000 to the Claims Administrator, Rust Consulting, Inc. ("Rust"), are fair and reasonable. KBR is directed to deposit sufficient funds in the Qualified Settlement Fund such that Rust may deduct its costs from the Maximum Settlement Amount and pay itself.

12. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative, the Class, and KBR for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Stipulation and this Judgment.

13. This document shall constitute a judgment for purposes of Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

DATED: December 18. 2017

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE